THE PEOPLE OF THE STATE OF NEW YORK ex rel. BENJAMIN H. REIBMAN, Respondent, *v.* WARDEN OF THE COUNTY JAIL AT SALEM, NEW YORK, or the SHERIFF OF THE COUNTY OF WASHINGTON, STATE OF NEW YORK.*

THE PEOPLE OF THE STATE OF NEW YORK, by JOSEPH B. McCORMICK, as District Attorney of Washington County, Appellant.

Third Department, November 2, 1934.

* Revg. 149 Misc. 543.

*Joseph B. McCormick, District Attorney,* for the appellant.

*Frank Pedlow,* for the respondent.

HEFFERNAN, J. This is an appeal by the People of the State of New York from an order of the Supreme Court, granted at the Rensselaer Special Term, which order sustained a writ of habeas corpus obtained by relator, dismissed certain indictments against him and directed his discharge from the custody of the sheriff of Washington county.

On April 28, 1931, at a term of the Supreme Court held in Washington county, the grand jury returned six separate indictments against relator charging him with the crime of grand larceny alleged to have been committed during the months of February and March, 1926. At the time the indictments were found relator was confined in Great Meadows Prison on some other criminal charge. Upon his release he was rearrested on bench warrants issued by virtue of the indictments. He thereupon sued out a writ of habeas corpus contending that the alleged crimes were barred by the Statute of Limitations in that more than five years had elapsed prior to the presentation and filing of such indictments. The learned justice at Special Term sustained relator's contention. That decision does not commend itself to us.

At the time relator is charged with the commission of these alleged crimes the Statute of Limitations contained in section 142 of the Code of Criminal Procedure provided that an indictment for a felony other than murder must be found within five years after its commission, except where less time is prescribed by statute. Section 144 of the Code then provided that a prosecution is commenced when an indictment is found and is duly presented by the grand jury in open court and there received and filed. By chapter 246 of the Laws of 1929, effective July first, the Legislature amended section 144 of the Code of Criminal Procedure to read as follows:

" A prosecution is commenced, within the meaning of any provision of this act which limits the time for commencing an action, when an information is laid before a magistrate charging the commission of a crime and a warrant of arrest is issued by him, or when an indictment is duly presented by the grand jury in open court, and there received and filed." The only question involved in this case is the proper construction of this section as amended.

On the 24th day of January, 1931, and within the five-year period of limitation, the district attorney of Washington county laid an information before a magistrate charging relator with the commission of the identical crimes specified in the indictments later found by the grand jury and each indictment contains an appropriate allegation to that effect. Upon the filing of the information the magistrate issued a warrant for relator's apprehension.

Relator's contention is that the amendment to section 144 of the Code of Criminal Procedure can only be applied to cases arising after its enactment.

In the absence of statutes of limitations specially applicable to criminal cases, a prosecution may be instituted at any time, however long after the commission of the criminal act. An act of limitation is an act of grace in criminal prosecutions. The State makes no contract with criminals at the time of the passage of the act of limitation that they shall have immunity from punishment if not prosecuted within the statutory period. Such enactments are measures of public policy only. They are entirely subject to the will of the Legislature, and may be changed or repealed altogether in any case where a right to acquittal has not been absolutely acquired by the completion of the period of limitation. A Statute of Limitations in criminal cases, therefore, differs from one applicable to civil actions, for while the latter bars the remedy only and not the cause of action, a statute limiting criminal prosecutions destroys the right of action as well as the remedy. (*Moore* v. *State*, 43 N. J. L. 203; *People* v. *Buckner*, 281 Ill. 340; 17 R. C. L. 704.) In other words, statutes of limitation in criminal cases differ from those in civil cases in that in civil cases they are statutes of repose while in criminal cases they create a bar to the prosecution.

Statutes of limitation are to be liberally construed in favor of the defendant, not only because such liberality of construction belongs to all acts of amnesty and grace, but because the very existence of the statute is a recognition and notification by the Legislature of the fact that time, while it gradually wears out proofs of innocence, has assigned to it fixed and positive periods in which it destroys proofs of guilt. (*Hogoboom* v. *State*, 120 Neb. 525; *People* v. *Lord*, 12 Hun, 282.) Where a statute extends the

period of limitation the extension applies to offenses not barred at the time of the passage of the act so that a prosecution may be commenced at any time within the newly established period though the original period of limitation had then expired; but such a statute cannot operate to revive offenses which were barred at the time of its enactment, because that would make the statute *ex post facto*. (*Com.* v. *Duffy*, 96 Penn. St. 506; 8 R. C. L. 132.) A statute extending the time for the prosecution of certain crimes, although it may not affect cases in which the period of limitation has expired, extends those limitations which have not expired at the date of its passage. (*Com.* v. *Duffy, supra;* 16 C. J. 222; *State* v. *Sneed*, 25 Tex. [Supp.] 66; *Rex* v. *Dharma*, [1905] 2 K. B. 335.) Until the statute has run it is a mere regulation of the remedy and like other such regulations subject to legislative control. Afterwards it is a defense, not of grace, but of right, not contingent, but absolute and vested, and like other defenses not to be taken away by legislative enactment. (*Moore* v. *State, supra*.) Parties have no vested rights to a particular remedy. It is well settled that acts providing a new remedy or enlarging a remedy already existing or repealing an exemption from liability in a particular form of remedy, although made to operate retrospectively, do not, *per se*, impair vested rights; but the Legislature may not, under the guise of a remedial act, provide a particular remedy that will impair property rights vested before the passage of the act. (12 C. J. 975, 976.) The application of sections 142 and 144 of the Code of Criminal Procedure, as amended by chapter 246 of the Laws of 1929, was considered in *People* v. *Hagan* (138 Misc. 771; affd., 235 App. Div. 784). In that case the defendant on December 6, 1929, was charged with a misdemeanor alleged to have been committed on the 19th of January, 1928. At the time the offense was committed, section 142 of the Code provided that an *indictment* for a misdemeanor must be found within two years after its commission. This section was also amended by chapter 246 of the Laws of 1929 so as to provide that a *prosecution* for a misdemeanor must be commenced within two years after its commission. No indictment was ever presented by a grand jury, but the Attorney-General instituted proceedings before the City Magistrates' Court by the issuance of a summons instead of a warrant. The defendant moved for an acquittal on the ground that the prosecution was barred because no indictment was found against him within the statutory period of two years. The court denied his motion and adjudged him guilty. In doing so it held that in the prosecution of a misdemeanor the action is commenced when the information is laid before the magistrate and a warrant is issued by him or when an indictment is duly presented by the grand jury in open court and there received and filed.

From what has been said it seems to be definitely settled that the Legislature cannot revive a cause of action barred by the Statute of Limitations. It is equally well settled that the law-making body may change the period of limitation as to offenses not barred at the time of the passage of the act. The Legislature has plenary authority to change remedies or methods of procedure.

The amendment in question is purely remedial. It did not change, extend or abrogate the limitation contained in section 142 of the Code. That limitation remains precisely the same as before, but an additional means is provided for instituting a criminal proceeding. So long as the State undertakes to furnish remedies it may vary or modify them at pleasure.

We are convinced that the statute, as amended, necessarily applied to crimes committed in the past, which were not then barred, as well as the future. It is conceded that when the amendment was enacted the statute interposed no bar to relator's prosecution. He had acquired no right to an acquittal on that ground. A mere change of procedure relating to the commencement of a criminal prosecution certainly confers no vested right upon a criminal relieving him of responsibility for his crime.

The order appealed from should be reversed, the indictments reinstated and the relator remanded to the custody of the sheriff of Washington county.

HILL, P. J., RHODES, McNAMEE and BLISS, JJ., concur.

Order appealed from reversed, indictments reinstated, and the relator remanded to the custody of the sheriff of Washington county.