THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ANTHONY G. AMANN, Defendant.

County Court, Queens County, May 5, 1936.

*Charles P. Sullivan, District Attorney [John H. W. Krogman* of counsel], for the plaintiff.

*Saul Moskoff*, for the defendant.

COLDEN, J. The defendant moves to dismiss this indictment on the ground that five years having elapsed between the time of the alleged commission of the crime charged and the filing of the indictment, the prosecution of the crime is barred.

The defendant is represented by Saul Moskoff, an attorney who was assigned by the court in view of the fact that the defendant is without means to retain his own counsel, and the court commends the diligence and earnestness displayed by counsel in behalf of this defendant.

The indictment was filed on January 31, 1936, and charges the defendant with the commission of the crime of grand larceny in the first degree, alleged to have been committed on or about April 8, 1929. Therefore, six years, eight months and twenty-three days elapsed from the date fixed as the date of the commission of the crime to the date of the filing of the indictment.

On June 24, 1930, a complaint was filed in the City Magistrates Court of the City of New York and a warrant was issued by the magistrate. The defendant was arraigned in the Fourth District Magistrates Court of the Borough of Queens, City of New York, and held for examination on July 14, 1930. Previous to said adjourned date he was admitted to bail. On July 14, 1930, the defendant failed to appear for examination, his bond was forfeited and a new warrant was issued by the magistrate for his arrest. On December 9, 1930, he was apprehended in the State of New Jersey as a fugitive and was delivered to the sheriff of Nassau county to answer a charge of grand larceny, and on February 16, 1931, he was sentenced to Sing Sing Prison from Nassau county for a term of ten years. This defendant had been previously convicted, twenty-four years ago, of the crime of grand larceny, and served a sentence in the penitentiary. It follows, therefore, that he faces a mandatory prison sentence in the event of his conviction under the present indictment.

Counsel for the defendant urges most earnestly that the charge against this defendant as set forth in the indictment now under consideration is barred by the Statute of Limitations, in that more than five years elapsed between the date of the alleged commission of the crime and the filing of the indictment. Section 142 of the Code of Criminal Procedure provides: "*A prosecution for a felony*, other than murder or kidnapping, must be commenced within five years after commission except where a less time is prescribed by statute."

The same Code in section 144 now provides that: "A prosecution is commenced, within the meaning of any provision of this act which limits the time for commencing an action, when an information is laid before a magistrate charging the commission of a crime and a warrant of arrest is issued by him, or when an indictment is duly presented by the grand jury in open court, and there received and filed."

The defendant contends, however, that this section was amended subsequent to the time of the alleged commission of the felony charged and is, therefore, retroactive and its attempted application in this case is in violation of section 954 of the Code, which provides: "No part of this Code is retroactive, unless expressly so declared."

The crime charged is alleged to have been committed on April 8, 1929. At that date section 142 of the Code provided that "*An indictment for a felony*, other than murder, must be found within five years after its commission, except where a less time is prescribed by statute."

This section and section 144 were amended by the Laws of 1929, chapter 246, by substituting the word " prosecution " for the word " indictment " in section 142, and by the substitution of section 144 as it now reads for the section which was in force at the time of the alleged commission of the offense and which then read: "An indictment is found, within the meaning of the last three sections, when it is duly presented by the grand jury in open court, and there received and filed."

These amendments took effect July 1, 1929, nearly three months after the date of the alleged commission of the offense, and as has been indicated, the defendant urges that the attempt on the part of the prosecution to apply them in this case is violative of section 954 of the Code.

The precise question presented in this case arose also in *People ex rel. Reibman* v. *Warden, etc.* (242 App. Div. 282). In that case the defendant was indicted on April 28, 1931, in Washington county on charges of grand larceny alleged to have been committed during the months of February and March, 1926. At the time of the finding of the indictments the defendant was confined in Great Meadow Prison on some other criminal charge. Obviously more than five years had elapsed between the date of the alleged commission of the grand larceny and the finding of the indictments, and sections 142 and 144 of the Code read the same in 1926 in that case as they did in 1929. On January 24, 1931, the district attorney of Washington county, acting under the provisions of sections 142 and 144 of the Code, *as amended July 1, 1929*, filed an information before a magis-

trate charging the defendant with the commission of the identical crimes specified in the indictments later found by the grand jury, *and each indictment contains an appropriate allegation to that effect.* Upon the filing of the information a warrant was issued by the magistrate for the apprehension of the defendant. The unanimous decision of the Appellate Division, as expressed in the opinion of Justice HEFFERNAN, holds: " In the absence of statutes of limitations specially applicable to criminal cases, a prosecution may be instituted * * * long after the commission of the criminal act. An act of limitation is an act of grace in criminal prosecutions. The State makes no contract with criminals at the time of the passage of the act of limitation that they shall have immunity from punishment if not prosecuted within the statutory period. Such enactments are measures of public policy only. They are entirely subject to the will of the Legislature, and may be changed or repealed altogether in any case where a right to acquittal has not been absolutely acquired by the completion of the period of limitation. * * * Where a statute extends the period of limitation the extension applies to offenses not barred at the time of the passage of the act so that a prosecution may be commenced at any time within the newly established period though the original period of limitation had then expired; but such a statute cannot operate to revive offenses which were barred at the time of its enactment, because that would make the statute *ex post facto*. * * * A statute extending the time for the prosecution of certain crimes, although it may not affect cases in which the period of limitation has expired, extends those limitations which have not expired at the date of its passage. * * * Until the statute has run it is a mere regulation of the remedy and like other such regulations subject to legislative control. Afterwards it is a defense, not of grace, but of right, not contingent, but absolute and vested, and like other defenses not to be taken away by legislative enactment. * * * From what has been said it seems to be definitely settled that the Legislature cannot revive a cause of action barred by the Statute of Limitations. It is equally well settled that the law-making body may change the period of limitation as to offenses not barred at the time of the passage of the act. The Legislature has plenary authority to change remedies or methods of procedure. The amendment in question is purely remedial. It did not change, extend or abrogate the limitation contained in section 142 of the Code. That limitation remains precisely the same as before, but an additional means is provided for instituting a criminal proceeding. So long as the State undertakes to furnish remedies it may vary or modify them at pleasure. We are convinced that the statute, as amended, necessarily applied

to crimes committed in the past, which were not then barred, as well as the future. It is conceded that when the amendment was enacted the statute interposed no bar to relator's prosecution. He had acquired no right to an acquittal on that ground. A mere change of procedure relating to the commencement of a criminal prosecution certainly confers no vested right upon a criminal relieving him of responsibility for his crime."

Following the reasoning in the case from which the foregoing is quoted, it would appear that the contention of the defendant cannot be sustained. But the defendant further contends that the indictment is fatally defective in that assuming that the filing of the information before the magistrate would, in a proper case, give the court jurisdiction, it cannot in the case at bar, for the reason that the application of the provisions of sections 142 and 144 of the Code of Criminal Procedure are violative of the provisions of section 954 of the Code of Criminal Procedure, in that it is an attempt to make such provisions retroactive, and that the court in the case of *People ex rel. Reibman* v. *Warden* (*supra*) did not pass upon this phase of the matter.

There is a difference between the Statutes of Limitations applicable to civil litigations and those applicable to criminal prosecutions. In civil matters the State furnishes the forum before which disputes between its citizens may be adjusted, giving to the parties plaintiff certain rights to prosecute causes of action within definite periods of time and giving to the defendants certain rights of defense, and certain it is under our theory of the administration of the civil law our citizens do business with one another, carry on their affairs of trade, commerce, industry, and all the activities of daily business and social contacts with one another under the laws established for their guidance. Certainly it is part of our law which both parties to a negotiable instrument accept as part of their contract, that unless the claim on the instrument is prosecuted within the period fixed by statute, the defendant may, if he so elects, interpose the defense of the statute, and that is as definite a part of the negotiable instrument as though it were written therein. There can be no doubt that this right of the defendant is fixed at the time the instrument became operative.

But an entirely different situation exists in the criminal law. The sovereign State does not make a contract with the criminal world that criminals may carry on their acts against the peace and security of the People with an assurance on the part of the State that in the event that by cleverness, design, luck or other circumstance, the wrongdoers may succeed in outwitting or avoiding prosecution for a certain period, then there is a guaranty of safety. As

has been said, the Statute of Limitations in criminal matters is an act of grace, and becomes a right only after the time fixed has elapsed. At any time before that right becomes fixed, the State could repeal in their entirety both sections 142 and 144 of the Code of Criminal Procedure, and while the criminal would doubtless complain, nevertheless such repeal would be legal.

The act charged against the defendant is said to have occurred on or about April 8, 1929. The Statute of Limitations as it then existed continued until July 1, 1929, when a new and different Statute of Limitations was set up in the manner above indicated by the Legislature. The statute of which the defendant now seeks the benefit ceased to exist on July 1, 1929, and the present statute came into effect. The present statute differs from the former and is the only Statute of Limitations available for consideration. If the defendant insists that his case comes within the provisions of the prior statute, the answer is that the statute no longer exists and ceased to exist before any right accrued to the defendant. Having ceased to exist on July 1, 1929, it is, of course, not available to him. Had five years elapsed before July 1, 1929, then of course he would have come within its provisions, his rights would have accrued and its terms would have protected him. The only Statute of Limitations now available to the defendant is the one which came into being on July 1, 1929, and inasmuch as the prosecution against the defendant was commenced on June 24, 1930, by the filing of a complaint in the Magistrates' Court and the issuance of a warrant, under which the defendant was subsequently arraigned, the statute furnishes no bar. This motion must, therefore, be denied.

The motion must be denied also on the ground that the objection that on the face of the indictment the Statute of Limitations has run against prosecution for the crime cannot be availed of on motion, but must be interposed under the general plea of not guilty. See the well-considered opinion in *People* v. *Bailey* (103 Misc. 366), and cases therein cited. Motion denied. Submit order.