Lymah H Smith, J.
This is a motion by the defendant pursuant to CPL 240.20 in which he seeks an order dismissing the four founts of the indictment on the grounds that (1) the first count of the indictment is untimely under CPL 30.10 and (2) -'at the remaining three counts resulted from a Grand Jury proceeding which was defective within the meaning of CPL 210.35.
In the first count of the indictment the defendant is charged with official misconduct, a Class “ A ” misdemeanor, in violation of section 195.00 of the Penal Law committed during the month *740 of April, 1970. Under the Code of Criminal Procedure which was in effect at the time the crime was committed, prosecution of this crime would have been barred after the lapse of two years. (Code Grim. Pro., § 142, subd. 1.) Since the indictment is dated June 7, 1972, the prosecution would have been untimely.
However, prior to the expiration of the two-year period, the Legislature enacted the new CPL, effective September 1, 1971, which provides in section 30.10 (subd. 3, par. [b]): “A prosecution for any offense involving misconduct in public office by a public servant may be commenced at any time during the defendant’s service in such office or within five years after the termination of such service; provided however, that in no event shall the period of limitation be extended by more than five years beyond the period otherwise applicable under subdivision two.”
This section does not exclude crimes committed prior to the effective date and, indeed, subdivision 1 of CPL 1.10 specifically states: ‘ The provisions of this chapter apply exclusively to (a): All criminal actions and proceedings commenced upon or after the effective date thereof ”.
Since the filing of the instant criminal indictment (June 7, 1972) initiated the criminal action against the defendant (CPL 1.20, subd. 17), the timeliness of the indictment is governed by CPL 30.10 (subd. 3, par. [b]).
Nevertheless, the defendant argues that the extension of the statutory period of limitations would, if applied to crimes committed prior to the enactment of such law, constitute an ex post facto law in violation of section 10 of article I of the United States Constitution. In 1798 in the case of Colder v. Bull (3 Dallas [3 U. S.] 386, 390) the United States Supreme Court announced what is now considered to be the classic definition of an ex post facto law: “ 1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, then the law required at the time of the commission of the offense, in order to convict the offender.”
Although the Colder standard continues to serve as the touchstone in the ex post facto area, it has over the years been slightly altered. Thus, it is now well settled that certain statutory changes in the rules of evidence enacted after the commission of *741 a crime, may be employed at the trial without violating the constitutional proscription. (Beazell v. Ohio, 269 U. S. 167.) On the other hand, the rule has now been extended to include and invalidate laws which would deprive an accused of a “ substantial right or immunity ” possessed by hith at the time of the commission of the offense charged. (Mallett v. North Carolina, 181 U. S, 589.)
In the instant case, the Legislature’s act of extending the Statute of Limitations relating to offenses such as those with which the defendant is charged, clearly “ did not make that a criminal act which was innocent when done; did not aggravate an offence or change the punishment and make it greater than when it was committed; did not alter the rules of evidence, and require less or different evidence than the law required at the time of the commission of the offense ”. (Mallett v. North Carolina, supra, p. 597.) The only remaining question then is whether it deprived the accused of any substantial right or immunity possessed by him at the time of the commission of the offense charged.
Whether the defendant is deprived of a substantial right when the Statute of Limitations is extended, thereby increasing the period of his criminal liability, has not yet been determined by the Supreme Court nor by the courts of this State. However, in People ex rel. Reibman v. Warden of County Jail at Salem (242 App. Div. 282) while deciding a somewhat different issue,, the court announced certain general principles which are applicable here: “ In the absence of statutes of limitations specially applicable to criminal cases, a prosecution may be instituted at any time, however long after the commission of the criminal act. An act of limitation is an act of grace in criminal prosecutions. The State makes no contract with criminals at the time of the passage of the act of limitation that they shall have immunity from punishment if not prosecuted within the statutory period. Such enactments are measures of public policy only. They are entirely subject to the will of the Legislature, and may be changed or repealed altogether in any case where a right to acquittal has not been absolutely acquired by the completion of the period of limitation. ’ ’ (People ex rel. Reibman v. Warden of County Jail at Salem, supra, p. 284; also, see, People v. Amann, 159 Misc. 417).
Clearly, the legislative extension of the time bar in the instant case (CPL 30.10, subd. 3, par. [b]; L. 1970, ch. 996, § 1, eff. Sept. 1, 1971) did not affect any “substantial right ” of the accused, nor did such legislative extension at the time of its *742 enactment affect or alter any ‘ ‘ immunity ’ ’ which the accused then enjoyed for, indeed, at that point he enjoyed none.
Thus, since prosecution of the crime with which the defendant is charged was not barred at the time the Legislature enacted subdivision 3 of GPL 30.10, the period of extension provided therein applied.
Accordingly, the first count of the indictment is not untimely and defendant’s motion to dismiss is denied.
Secondly, the defendant claims that “ with respect to the other three counts of the indictment, the proceedings before the Grand Jury failed to conform to the requirements of Art. 190 of the Criminal Procedure Law to such a degree that the integrity of their office impaired [sic] and prejudice to the defendant may result.”
.Subdivision 5 of CPL 210.35 reads as follows: “ A grand jury proceeding is defective within the meaning of paragraph (c) of subdivision one of section 210.20 when * * * The proceeding otherwise fails to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result.”
This .subdivision reveals that to sustain a dismissal of the indictment something more is required than the bare allegation that the Grand Jury proceedings were defective. To dismiss an indictment the court must have before it preponderant facts • establishing clear violations of CPL article 190, sufficient to overcome the presumption of regularity which applies to all Grand Jury proceedings (People v. Bennet, 37 N. Y. 117; People v. Brinkman, 126 N. Y. S. 2d 486). Indeed, subdivision 1 of CPL 210.45 requires that motions to dismiss, based on facts outside the pleadings, must be supported by sworn allegations of fact supporting the grounds asserted. The defendant has failed to submit any facts whatsoever to support his claim. Therefore, his motion to dismiss the indictment, because of some unspecified defect in the Grand Jury proceedings, is denied. (GPL 210.45, subd. 5, par. [b].)
It is therefore ordered that the defendant’s motion to dismiss th.e indictment is denied in all respects.