■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL PAWLYSHYN, Appellant.—Appeal from a judgment of the County Court of Otsego County, rendered February 5, 1979, convicting defendant upon his plea of guilty of the crime of arson in the second degree. By decision dated July 3, 1980 *(People v Pawlyshyn*, 77 AD2d 687), a final determination of this appeal was withheld, and the matter was remitted to Otsego County Court to conduct a further suppression hearing as to the statements and admissions made by the defendant. The remittal was for the specific purpose of determining when the criminal action was commenced against this defendant in view of the right to counsel and the concommitant sanction of suppression established in the recent case of *People v Samuels* (49 NY2d 218). Upon remittal, the trial court found that a felony complaint filed on March 14, 1978 was the point at which this action was commenced. Since the defendant's statements were made before the March 14 filing, the trial court concluded that *Samuels* is inapplicable. The sole issue upon this appeal is whether or not the trial court erred as a matter of fact or law in its determination that a felony complaint against "John Doe" presented to a local Magistrate by the State Police did not commence a criminal action against the defendant. The record establishes that there was no intent on March 9, 1978 to commence a criminal action against the defendant and we agree with the trial court's finding that the sole purpose of the instrument was to satisfy a legally erroneous conclusion of the law enforcement officers that an accusatory instrument had to be filed in order to obtain the issuance of certain subpoenas. It is *certain* that the local Magistrate did *not* accept the March 9 complaint or report it in his official reports as a pending felony action. Factually, no criminal action was commenced against this defendant or anyone on March 9, 1978. Further, the trial court did not err in its finding that the March 9 complaint "had no legal efficacy at all". Procedurally, the document was unnecessary for the purpose of furthering the investigation and it accomplished nothing. Since the Magistrate did not accept it for the purpose of commencing an action, it was of no legal effect and the trial court noted: "There was no judicial involvement whatsoever, either by the lower town court * * * or by any superior court [in the subsequent investigation procedures]." Upon this record, we find that the right to counsel did not attach prior

to the statements sought to be suppressed upon this appeal. Further, the contention that the sentence is excessive is not supported by the record. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.