## (June 23, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD TIMMONS, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered December 15, 1980, upon a verdict convicting defendant of the crimes of manslaughter in the first degree and murder in the second degree. On May 16, 1980, defendant was charged in an indictment with two counts of murder in the second degree and one count of robbery in the first degree, resulting from the stabbing death of one Leo White while committing robbery on or about April 11, 1978. Defendant's apprehension and arrest occurred on May 13, 1980 after the police obtained a statement from one Ronald Ballou, allegedly defendant's homosexual lover at the time of the crimes, who himself was under arrest and charged with unrelated crimes. The trial court decided not to submit the robbery count to the jury which, after trial, found defendant not guilty of the first count of murder, second degree (intentional murder), but found him guilty of manslaughter, first degree, and guilty on the second count of murder, second degree (felony murder). Defendant's first contention upon this appeal is that the court erred in denying a motion for mistrial upon the ground that two prosecution witnesses testified that Ballou had passed a polygraph examination. In both instances, objections were sustained and curative instructions promptly given and, in its charge, the trial court clearly instructed the jury that such evidence is not permitted and

should be disregarded. This court has recently held that prompt and adequate curative instructions can correct such error (*People v Hopkins,* 86 AD2d 937, 940, affd 58 NY2d 1079). Moreover, contrary to defendant's argument, guilt was established beyond a reasonable doubt through testimony of witnesses independent of Ballou. Defendant's admissions to the effect that "he had done the cutting of his grandmother's landlord [Leo White] to get money to buy drugs" and his use of the victim's credit card furnished sufficient proof independent of Ballou's questionable testimony to support the verdict. Nor did the court's refusal to permit inquiry into Ballou's use of drugs at the time of trial constitute reversible error because defendant made no extrinsic effort to show that Ballou used drugs at this time and Ballou denied such use before an objection was made. Even assuming, *arguendo,* that the court erred in so limiting defendant's cross-examination, there was sufficient evidence to convict independent of Ballou's testimony (*People v Crimmins,* 36 NY2d 230). Next, the suppression court did not err in rejecting defendant's motion to suppress an incriminating statement because his right to counsel had attached upon the commencement of the criminal action. It appears that two "to be identified" arrest warrants were issued shortly after the homicide with the names of arrestees left blank. While it is now clear that the filing of an accusatory instrument commences the criminal action (CPL 1.20, subd 17; see *People v Samuels,* 49 NY2d 218, 221), whereupon the right to counsel cannot be waived except in the presence of counsel, to be valid for such purposes the accusatory instrument and the arrest warrant must state "the name of the defendant to be arrested or, if such be unknown, any name or description by which he can be identified with reasonable certainty" (CPL 120.10, subd 2, par [d]) and "[a] 'John Doe' warrant not containing a description of the person charged * * * is invalid" (1 Waxner, NY Crim Prac, par 3.3; see *Dabbs v State of New York,* 59 NY2d 213). This court has recently held that a felony complaint naming only "John Doe" did not commence a criminal action against the defendant or anyone else so as to trigger a defendant's right to counsel (*People v Pawlyshyn,* 79 AD2d 771). We further find that although the charge regarding circumstantial evidence did not include the words "exclude to a moral certainty" as defendant now argues should have been included, it was, nonetheless, sufficiently clear and explicit as to the People's burden of proof (*People v Gonzalez,* 54 NY2d 729, 730; see, also, *People v Torello,* 94 AD2d 857). Finally, the sentence was neither harsh nor excessive and, lacking any indication of clear abuse, will not be disturbed (*People v Du Bray,* 76 AD2d 976, 977). Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.