### (September 17, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DICKSON, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered March 23, 1984, convicting defendant upon his plea of guilty of the crime of attempted rape in the first degree.

On January 5, 1978, an Albany County Grand Jury indicted Louis Rios and a second unknown person, designated "John Doe", for a rape committed by two men on December 13, 1977 at the State University of New York at Albany (SUNY/Albany) campus. Thereafter, on June 30, 1983, City of Albany Police Officer Timothy Carroll responded to a domestic disturbance at 175 Jay Street, where in a conversation with defendant the latter stated that "the police want me" and that he knew "stuff about rapes". Defendant accompanied Carroll to *the police* station, where he further stated that he and Louis Rios had taken a woman to the SUNY/Albany campus and "had sex" with her. At this juncture, Carroll ran a file check and discovered that Rios had previously been arrested for rape

and that an unidentified black male fitting defendant's description was still wanted in the case. Defendant was then apprised of his *Miranda* rights and gave both oral and written statements implicating himself in the crime. On July 5, 1983, defendant was arraigned on the above indictment and a motion was granted substituting his name for that of "John Doe" *(see,* CPL 200.70 [1]). Following the denial of his motion to suppress the statements made, defendant entered a plea of guilty to attempted rape in the first degree and was sentenced to a term of 2⅓ to 7 years' imprisonment.

On this appeal, defendant initially maintains that the statements were obtained in violation of his right to counsel. Specifically, defendant asserts that his indelible right to counsel attached with the filing of the "John Doe" indictment on January 5, 1978. Since the challenged statements were taken without the presence of counsel, defendant maintains that these statements should be suppressed within the rule set forth in *People v Samuels* (49 NY2d 218, 222-223). We disagree. This court has previously determined that the filing of a "John Doe" felony complaint does not serve to commence a criminal action so as to activate a defendant's indelible right to counsel *(see, People v Timmons,* 95 AD2d 955, 956; *People v Pawlyshyn,* 79 AD2d 771). The same result obtains with the filing of a "John Doe" indictment, for in neither instance has a specific individual been singled out for prosecution by the State, necessitating the protection flowing from the attachment of an accused's right to counsel.

Defendant urges, however, that the instant case is distinguished from *Timmons* and *Pawlyshyn* in that the police had an adequate description of him shortly after the issuance of the "John Doe" indictment, such that the indictment should be treated as having formally commenced the action against him. We find the argument unconvincing. On the day the "John Doe" indictment was filed, an arrest warrant was issued which identified the unknown perpetrator as " 'Black Male, 18 years, 5' 8", 160 lbs, short Afro Hairstyle, Med. black-tone skin, poor complex. Glasses (Plastic Frame off-yellow color)' " *(see, Dabbs v State of New York,* 59 NY2d 213, 216). The record further indicates that at some point in 1978 a statement was taken from someone named Brown to the effect that while Brown was incarcerated with Rios, the latter identified "James Dickson, James Sonny Dickson" as his accomplice. It further appears that the victim thereafter selected defendant's photograph from a photo array stating, "I am eighty percent sure that this is the man but not totally

sure." In our view, this evidence does not support defendant's thesis that there was sufficient information available at the time of the indictment to single out defendant for prosecution. The statement attributable to Rios and the photo identification made by the victim became available only after the indictment issued and are of equivocal value. We further note that the victim erroneously identified another individual as the second perpetrator in March 1978 *(see, Dabbs v State of New York, supra,* at 216). Under the circumstances presented, we cannot agree that the "John Doe" indictment constructively served to commence the action against defendant so as to trigger his indelible right to counsel. Accordingly, the motion to suppress was properly denied.

Defendant further maintains that County Court lacked jurisdiction since the five-year Statute of Limitations *(see,* CPL 30.10 [2] [b]) had run before the action was commenced against him.* In our view, since defendant failed to raise the Statute of Limitations as a defense *(see,* CPL 210.20 [1] [f]), he waived this challenge upon entry of his plea of guilty. While not every claim is forfeited by a guilty plea, nonjurisdictional statutory rights which "confer on the defendant greater rights than the Constitution demands" *(People v Sobotker,* 61 NY2d 44, 48) are so forfeited *(see, People v Prescott,* 66 NY2d 216, 220, *cert denied* 475 US 1150 [CPL 40.20 double jeopardy protection]; *People v Taylor,* 65 NY2d 1, 6 [CPL 710.30 notice requirements]; *People v Thill,* 52 NY2d 1020, *cert denied* 454 US 829 [CPL 30.30 speedy trial rights]). CPL 30.10 (2) (b) requires that a felony action, except class A felonies, be commenced within five years of the commission of the crime. By comparison, in this State, although no precise line has been drawn, an unreasonable delay in prosecuting a defendant is tantamount to a deprivation of due process of law *(see, People v Singer,* 44 NY2d 241, 253; *see also,* NY Const, art I, § 6).

Thus, while it appears that the time limitations set forth in CPL 30.10 (2) (b) are more protective than those guaranteed by the Constitution, the question remains whether a criminal Statute of Limitations is deemed jurisdictional in nature. In *People v Kohut* (30 NY2d 183), the Court of Appeals determined that where a defendant properly raises a Statute of

---

* We note that defendant raised this same objection pursuant to a CPL 440.10 motion in County Court to vacate the judgment. By decision dated November 25, 1985, County Court denied the motion, finding that the record provided an adequate basis for review on appeal (CPL 440.10 [2] [b]; 440.30 [2]).

Limitations defense, the prosecution bears the burden of establishing beyond a reasonable doubt facts tolling the limitation *(id.,* at 186). The prosecution need not allege tolling facts in the first instance, for it is incumbent upon defendant to assert the defense *(id.,* at 191; *cf., People v Hines,* 284 NY 93, 113 [Statute of Limitations creates a bar to prosecution and is a jurisdictional fact for the State to allege and prove]). This format confirms that the Statute of Limitations defense is not a nonwaivable constitutional or jurisdictional right, for unless the defense is asserted the People are not put to their burden of demonstrating that the action is timely *(see, People v Kohut, supra; see also, People v Blake,* 121 App Div 613, *affd* 193 NY 616; *see generally,* Callaghan, Crim Proc NY Pt I § 48.04 [3d ed]). Although defendant was not arraigned on the indictment until July 5, 1983, more than five years after the crime occurred, since he failed to raise the Statute of Limitations as a defense *(see,* CPL 210.20 [1] [f]), this statutory defect was waived upon entry of the guilty plea *(see, People v Soto,* 76 Misc 2d 491, 499).

Finally, the sentence imposed was well within County Court's discretion.

Judgment affirmed. Mahoney, P. J., Main, Casey, Weiss and Mikoll, JJ., concur.