OPINION OF THE COURT
Richard A. La Pera, J.
Defendants’ (Perico and Andriano) motions for an order dismissing the within information on the ground that the prosecution is untimely, pursuant to CPL 30.10, and on the ground that the information is insufficient as a matter of law, pursuant to CPL 100.15, is granted.
*962 According to the within information, on December 19, 1985, the defendants unlawfully violated and failed to comply with the provisions of Workers’ Compensation Law §§ 50 and 52. Violation of Workers’ Compensation Law § 52 is punishable as a misdemeanor and therefore, CPL 30.10 (2) (c) is applicable, which section provides that the prosecution of a misdemeanor must be commenced within two years after the commission thereof.
A criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court (CPL 1.20 [17]). The within accusatory instrument was filed on December 21, 1987. The defendants allege that this action is time barred since the accusatory instrument was not filed within two years of the date of the alleged incident.
The People, in their affirmation in opposition to defendants’ motion, do not contest the defendants’ allegation. Instead, they oppose the within motion on the ground that it was not submitted timely pursuant to CPL 255.20, and therefore, defendant waived his Statute of Limitations defense.
Preliminarily, it should be observed that Statutes of Limitation are to be liberally construed in favor of the defendant, not only because such liberality of construction belongs to all acts of amnesty and grace, but because the very existence of the statute is a recognition and notification by the Legislature of the fact that time, while it gradually wears out proofs of innocence, has assigned to it fixed and positive periods in which it destroys proofs of guilt. (People ex rel. Reibman v Warden, 242 App Div 282; People v Steiger, 154 Misc 538; 22 CJS, Criminal Law, § 223, at 574; People v Lord, 12 Hun 282.) Therefore, unless the defendants did waive their Statute of Limitations defense by not raising it within 45 days after arraignment pursuant to CPL 255.20, the within informations against the defendants must be dismissed as time barred pursuant to CPL 30.10 (2) (c), since they were filed two years and two days after the commission of the misdemeanor and not within the two-year Statute of Limitations.
The issue to be decided is whether a Statute of Limitations defense is waived if not raised within the time limitations for pretrial motions provided by CPL 255.20.
The issue of whether a defendant can waive his right to a Statute of Limitations defense has previously arisen before the courts of New York State. The prevailing rule that has come out of these New York cases is that a defendant may waive *963 the Statute of Limitations defense at trial. (People v Austin, 63 App Div 382, affd 170 NY 585 [1902]; People v Blake, 121 App Div 613, affd 193 NY 616 [1908]; People v Brady, 257 App Div 1000 [2d Dept 1939]; People v Bailey, 103 Misc 366 [1918]; People v Lohnes, 76 Misc 2d 507 [1973].) The Third Department of the Appellate Division of the Supreme Court of New York State held that "since [the] defendant failed to raise the Statute of Limitations as a defense * * * [this statutory defect was] waived * * * upon entry of [the] plea of guilty” by the defendant. (People v Dickson, 133 AD2d 492, 494 [1987].)
The issue at hand seems to be one of first impression. Although courts of the State have held that "the Statute of Limitations defense is not a nonwaivable constitutional or jurisdictional right” (People v Dickson, supra, at 495), those courts have simply held it was a waivable defense at trial or upon a plea of guilty to the offense charged. No court in this State has held that it is waived if not raised within the time limitations for pretrial motions provided by CPL 255.20. This may be why the People failed to supply this court with any case law supporting their position.
However, the Third Department of the Appellate Division of the Supreme Court has held, as previously stated, that defendant’s right to raise the Statute of Limitations defense is waived upon entry of the guilty plea. (People v Dickson, 133 AD2d 492, supra.) One can infer from this holding that such a defendant would retain his right to raise the Statute of Limitations defense until a plea of guilty to the offense charged has been made by the defendant even if the 45-day time limitation for pretrial motions has run.
Therefore, this court holds that the Statute of Limitations defense is a jurisdictional right which is waivable by the defendant only at trial or upon a plea of guilty by the defendant and is not automatically waived if not raised within the time limitations for pretrial motions provided by CPL 255.20.
The defendants’ motion to dismiss is also based on their allegation that the information is insufficient as a matter of law pursuant to CPL 100.15. The People make no arguments against this portion of the defendants’ motion in their affirmation in opposition.
As the defendants allege, the accusatory instruments fail to contain, as they so state, certified copies (or any copies for that matter) of the awards of the Workers’ Compensation Board, *964 which awards constitute, it is alleged, prima facie evidence of the elements of the offense charged. Without these copies of the workers’ compensation awards being attached, the accusatory instrument fails to allege prima facie evidence of the elements of the offense charged and is, therefore, fatally defective pursuant to CPL 100.15.
For all the foregoing reasons, the within information against the defendants, Perico and Andriano, is dismissed.