■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM D. CARTER, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's argument that his convictions for burglary, second degree, and attempted robbery, third degree, were against the weight of the evidence. We have examined all of the evidence as required by *People v Bleakley* (69 NY2d 490, 495) and we are persuaded that the jury gave the evidence the weight it should be accorded.

Defendant failed to register objection to the prosecutor's summation; consequently, his argument that several of the prosecutor's remarks on summation were improper is not preserved for review (CPL 470.05 [2]). We decline to reverse defendant's conviction in the interests of justice. Although the prosecutor improperly implied that defendant bore a burden of proof, the court's charge to the jury that defendant was under no obligation to prove anything negated the effect of the improper comment *(see, People v Broadus,* 129 AD2d 997, 998, *lv denied* 70 NY2d 643). The prosecutor's bolstering comments and invitation to the jury to speculate on matters not in evidence, although also improper, were not so pervasive as to taint the verdict, and any prejudice was eliminated by the court's charge.

Contrary to the assertion in defendant's *pro se* brief, our review of the record reveals that defense counsel filed omnibus motions and a pretrial *Huntley* hearing was conducted. Counsel made cogent opening and closing statements, adequately cross-examined the People's witnesses, made appropriate objections, and presented a reasonable defense. Most importantly, defendant was acquitted of the two most serious

charges in the indictment. It cannot be said, based upon this record, that defendant was denied effective assistance of counsel *(see, People v Jackson,* 70 NY2d 768, 769).

Finally, in our view, defendant's sentence of 5 to 15 years is not harsh and excessive. (Appeal from judgment of Onondaga County Court, Auser, J.—burglary, second degree; attempted robbery, third degree.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.