**STATE of Iowa, Appellee,**

v.

**Larry James COLE, Appellant.**

**No. 89–372.**

Court of Appeals of Iowa.

Dec. 21, 1989.

Mark C. Meyer, Iowa City, for appellant.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., and Anne Lahey, Asst. County Atty., for appellee.

Considered by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

DONIELSON, Judge.

Larry Cole was accused of fraudulently obtaining public assistance benefits by failing to report employment which disqualified him for the benefits. He received his last regular benefit check on July 2, 1985, for use during the month of July 1985; he also received a medical assistance payment on July 29, 1985.[1]

On July 29, 1988, the State charged Cole with the crime of fraudulent practice in the second degree. Cole entered a guilty plea to the charge. In a motion in arrest of judgment he raised a statute of limitations defense challenging the court's jurisdiction to accept his guilty plea. After a hearing, the district court rejected the statute-of-limitations argument and overruled the motion in arrest of judgment. Cole was then sentenced to a prison term of up to five years.

Cole has appealed from his conviction and sentence. He reiterates his claim that the charge against him is barred by the three-year statute of limitations. The State contends Cole waived this issue by entering a guilty plea, and in any case the charge was timely because it was filed within three years of the last date on which Cole received benefits.

Cole also argues the district court abused its discretion by considering his alcoholism as an aggravating factor in support of a prison sentence rather than sentencing him to probation. The State responds his alcoholism was properly considered as one of several factors indicating probation would not provide Cole with the maximum opportunity for rehabilitation.

The arguments set forth by the parties present the complex issue of when the statute of limitations commences in matters involving the fraudulent receipt of monthly public assistance benefits. Unfortunately for defendant, however, this case boils down to the issue of whether defendant has preserved the statute of limitations issue for consideration on appeal.

A hearing was held on October 21, 1988, in which defendant plead guilty to the charges filed against him. A review of those proceedings reveals he did not raise his statute of limitations defense for consideration by the trial court. The transcript from the hearing indicates near the end of the hearing it suddenly occurred to defendant's attorney a statute of limitations defense might exist. After a brief discussion of the pertinent dates involved in this matter, the trial court judge asked defendant's attorney if he would like the opportunity to further investigate the issue. Defendant's attorney declined the offer saying, "No if the file stamp says the 29th of July—If the Court doesn't have jurisdiction we can raise it any time, so go ahead at this point." Defendant then proceeded to plead guilty.

A guilty plea waives all defenses or objections which were not intrinsic to the plea itself. *State v. Everett*, 372 N.W.2d 235, 237 (Iowa 1985); *see also State v. Kobrock*, 213 N.W.2d 481, 483 (Iowa 1973) (a guilty plea waives all defenses except that the information or indictment charges no offense and the right to challenge the plea itself); *State v. Burtlow*, 210 N.W.2d

---

1. Technically, these payments were issued to his wife, but for purposes of this action Cole is also regarded as having received these benefits.

438, 439 (Iowa 1973) (same). Our supreme court has not yet addressed the issue of whether entry of a guilty plea waives a statute of limitations defense. Other jurisdictions have considered this issue and have concluded a guilty plea bars a defendant from subsequently raising the defense. *State v. Johnson*, 422 N.W.2d 14 (Minn.Ct.App.1988); *People v. Dickson*, 133 A.D.2d 492, 519 N.Y.S.2d 419 (N.Y. App.Div.1987); *State v. Brown*, 43 Ohio App.3d 39, 539 N.E.2d 1159 (Ohio Ct.App. 1988).

■ We hold the statute of limitations is an affirmative defense which is waived by entry of a guilty plea. Defendant wrongly assumed in this case he could forego raising the defense prior to entry of his guilty plea and raise it at a later date. Without indicating whether defendant could have prevailed on the merits of this claim, we find he waived this defense and he could not later raise it in his motion in arrest of judgment nor on appeal.[2]

■ Defendant's second claim of error is that the sentencing judge abused his discretion in considering defendant's alcoholism in deciding what sentence to impose. Iowa Code section 901.3 provides a presentence investigator shall inquire into a defendant's characteristics, needs, and social history. After considering all pertinent information, a court is to authorize a sentence which, among other things, shall provide the maximum opportunity for rehabilitation of a defendant. Iowa Code § 901.5 (1989). A defendant's alcoholism, and his attempts or failure to control it, are factors to be considered by a sentencing court. *See State v. Morrison*, 323 N.W.2d 254, 257 (Iowa 1982). From our review of the record, it is apparent the trial court did not unreasonably exercise its discretion in sentencing defendant.

AFFIRMED.

---

**2.** We note this was not a situation in which the trial court's actions were such that defendant was effectively precluded from raising this issue until the motion in arrest of judgment. *See State v. Grimme*, 274 N.W.2d 331, 337 (Iowa 1979).