■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DE PILLO, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that his conviction for criminal possession of a controlled substance in the seventh degree, a class A misdemeanor, should be reversed because the indictment was filed more than two years after commission of the crime *(see,* CPL 30.10 [2] [c]). By failing to submit a written motion to dismiss the indictment within 45 days after arraignment, defendant waived his right to a determination of that issue *(see,* CPL 210.20 [1] [f]; [2]; 210.45 [1]; 255.10 [1] [a]; 255.20 [1]; *contra, see, People v Perico,* 143 Misc 2d 961) and has failed to preserve the issue for appellate review. There is no merit to defendant's assertion that the People's failure to commence the prosecution within the statutory time period constitutes a jurisdictional defect *(see, People v Kohut,* 30 NY2d 183; *People v Dickson,* 133 AD2d 492, 495).

Defendant also contends that, because his trial counsel failed to move timely to dismiss the indictment, he was denied his constitutional right to effective assistance of counsel. The failure to make a pretrial motion, even one that might be successful, does not, per se, constitute ineffective assistance of counsel *(see, People v Rivera,* 71 NY2d 705, 709). In this case, trial counsel filed omnibus motions, made cogent opening and closing statements, adequately cross-examined prosecution witnesses, made appropriate objections, presented a reasonable defense, and significantly, was successful in obtaining the dismissal of the three other counts of the indictment, all of which were felony counts. Under the circumstances, counsel's representation, viewed in its entirety, was meaningful *(see, People v Carter,* 154 AD2d 883, *lv denied* 74 NY2d 947). Moreover, defendant failed to demonstrate the absence of strategic or other legitimate explanations for counsel's failure to move against the indictment *(see, People v Rivera, supra; People v Houston,* 158 AD2d 971, *lv denied* 75 NY2d 967). We note, in this respect, that trial counsel moved to dismiss the misdemeanor count of the indictment posttrial and after all of the felony charges had been dismissed. (Appeal from judgment of Ontario County Court, Henry, Jr., J.—criminal possession of controlled substance, seventh degree.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.