■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE WILLIAMS, Appellant. [861 NYS2d 420]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Crecca, J.), rendered May 26, 2006, convicting him of criminal sexual act in the first degree (three counts), robbery in the second degree, and sexual abuse in the

first degree (five counts), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that his statements to law enforcement officials should have been suppressed because the police intentionally prevented his arraignment in order to isolate and interrogate him for a prolonged period of time (*see* CPL 140.20 [1]; *People v Holland,* 48 NY2d 861 [1979]). This argument is unpreserved for appellate review (*see People v Ramos,* 99 NY2d 27, 37 [2002]). In any event, an undue delay in arraignment is but one factor in assessing the voluntariness of a confession (*see People v Ramos,* 99 NY2d 27, 34 [2002]; *People v Myers,* 17 AD3d 699 [2005]). Reviewing the totality of the circumstances, the hearing record indicates that the defendant's statements were voluntarily made after he was advised of his rights (*see People v Prochilo,* 41 NY2d 759 [1977]; *People v Brown,* 44 AD3d 966 [2007]). The defendant's statements therefore were properly admitted into evidence.

The defendant's claim of legal insufficiency is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Resolution of issues of credibility is primarily a matter to be determined by the finder of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see* CPL 470.15 [2] [c]; [6] [b]; CPL 470.20 [6]; *People v Thompson,* 60 NY2d 513, 519 [1983]; *People v Suitte,* 90 AD2d 80 [1982]). Santucci, J.P., Angiolillo, Eng and Chambers, JJ., concur.