■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAUAN GRIFFITH, Appellant. [927 NYS2d 600]—

The defendant contends that his statements to law enforcement officials should have been suppressed on the ground that they were obtained in violation of his indelible right to counsel. We disagree.

The indelible right to counsel, prohibiting interrogation unless the right is waived in the presence of counsel, attaches, inter alia, when a criminal action is formally commenced by the filing of an accusatory instrument (*see People v Grice*, 100 NY2d 318, 320-321 [2003]; *People v Ramos*, 99 NY2d 27, 32-33 [2002]). Here, however, no indictment had been filed in this matter at the time of the defendant's statements.

Furthermore, at the time of his statements, the defendant had not yet been identified as "John Doe" in a separately filed indictment charging three other similar incidents. The filing of a "John Doe" indictment does not activate a defendant's right to counsel, since no specific individual has been singled out for prosecution (*see People v Dickson*, 133 AD2d 492, 493 [1987]; *People v Timmons*, 95 AD2d 955, 956 [1983]; *see also United States v Giacalone*, 508 F Supp 39, 42-43 [1980], *affd* 659 F2d 1063 [1981], *cert denied* 454 US 964 [1981]). Accordingly, that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials was properly denied.

The defendant's remaining contentions are without merit. Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.