■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO DECAMPOAMOR, Appellant. [936 NYS2d 256]—

Contrary to the defendant's contention, his oral and written statements were properly admitted into evidence. The totality of the circumstances demonstrated that the defendant's statements were made voluntarily (*see People v Anderson*, 42 NY2d 35, 38 [1977]; *People v Gega*, 74 AD3d 1229, 1231 [2010]). The defendant appeared of his own volition at a police precinct seeking to file a complaint against a person who, in a televised interview, accused him of committing the murders. He was met by two detectives who asked him if he wanted to accompany them back to police headquarters to speak with the lead detective about the case. The defendant indicated that he did, and he rode in the back of the detectives' vehicle unrestrained (*see People v D'Amico*, 296 AD2d 579 [2002]). Although the interview that ensued was lengthy, that fact, without more, does not render the defendant's statements involuntary (*see People v Alexander*, 51 AD3d 1380, 1381 [2008]). The defendant was advised of and waived his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]) before all questioning and again before giving his written statement. He was afforded several breaks, provided food and water, and permitted to use the bathroom (*see People v Bryan*, 43 AD3d 447, 448 [2007]; *People v Hasty*, 25 AD3d 740, 741 [2006]). Under these circumstances, the lead detective's testimony at the hearing that the defendant never indicated he was tired and needed a break was not incredible or patently tailored to nullify constitutional objections (*see People v Rivera*, 27 AD3d 489, 490 [2006]; *People v Curry*, 213 AD2d 664 [1995]). Although the defendant now contends that the police unnecessarily delayed in arraigning him for the purpose of obtaining his statements in violation of CPL 140.20 (1), which bears on the issue of voluntariness, the defendant failed to preserve this contention for appellate review, thereby depriving the People of an opportunity to put forth other reasons for the alleged delay in arraignment (*see People v Ramos*, 99 NY2d 27, 37 [2002]; *People v Hayward*, 48 AD3d 209, 210 [2008]; *People v*

*Rumrill*, 40 AD3d 1273, 1274 [2007]; *People v Sears*, 9 AD3d 472 [2004]; *People v Seeber*, 4 AD3d 620, 622 [2004], *affd* 4 NY3d 780 [2005]). In any event, "an undue delay in arraignment is but one factor in assessing the voluntariness of a confession" (*People v Williams*, 53 AD3d 591, 592 [2008]; *see People v Gladding*, 60 AD3d 1401, 1402 [2009]; *People v Prude*, 2 AD3d 1318, 1319 [2003]), and, under the totality of the circumstances, the defendant's statements were not involuntarily made (*see People v Williams*, 53 AD3d at 592; *People v Gause*, 38 AD3d 999, 1000 [2007]).

The defendant's contention that the alleged unnecessary delay in his arraignment deprived him of the right to counsel is without merit as a "delay in arraignment 'does not cause the right to counsel to attach automatically' " (*People v Ramos*, 99 NY2d at 34, quoting *People v Hopkins*, 58 NY2d 1079, 1081 [1983]).

The Supreme Court did not improvidently exercise its discretion in denying the defendant's motion for a mistrial based on a witness's reference to the defendant being "on parole" (*see People v Brown*, 76 AD3d 532, 533 [2010]). During a sidebar conference, the prosecutor represented that this reference was to the defendant's release on immigration parole, and not parole from prison. The Supreme Court suggested that the prosecutor ask a clarifying question. The defendant did not object to the proposed relief. Nor did he object when, after the sidebar conference, the prosecutor asked if the witness's reference to being on parole related to the defendant's immigration status. Thus, the clarifying question must be deemed to have corrected any error in the witness's testimony to the defendant's satisfaction (*see People v Heide*, 84 NY2d 943, 944 [1994]; *People v Diggs*, 25 AD3d 807, 808 [2006]; *People v Mitchell*, 190 AD2d 758 [1993]).

The Supreme Court also did not improvidently exercise its discretion in denying the defendant's request for an adjournment in order to interview a potential alibi witness and secure her attendance in court. The defendant failed to show that the witnesses's anticipated testimony would be favorable to him and not merely speculative, and that he exercised good faith and diligence in securing the witness's presence at trial (*see People v Nunez*, 199 AD2d 285 [1993]).

The Supreme Court properly refused the defendant's request to charge manslaughter in the first degree as a lesser-included offense of murder in the first degree and murder in the second degree. Viewing the evidence in the light most favorable to the defendant (*see People v Martin*, 59 NY2d 704, 705 [1983]), there

was no reasonable view of the evidence to support a finding that the defendant intended to cause serious physical injury to the victims rather than to kill them (*see People v Moreno*, 16 AD3d 438 [2005]; *People v Kelly*, 221 AD2d 661, 662 [1995], *cert denied* 517 US 1200 [1996]).

The defendant's contention that the sentence imposed by the Supreme Court punished him for exercising his right to a jury trial rather than accepting a plea offer is without merit. The fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is not, standing alone, an indication that the defendant was punished for exercising his right to trial (*see People v Jimenez*, 84 AD3d 1268, 1269 [2011]). Furthermore, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Dickerson, J.P., Chambers, Hall and Miller, JJ., concur.