OPINION OF THE COURT
Joseph Kevin McKay, J.
This opinion is a further explanation of one of the court’s rulings from the bench after the March 13, 2012 suppression hearing regarding defendant C.R.’s oral and written statements made on October 26 and 27, 2009 at the 71st Precinct in the presence of New York City Detectives Orski and Fitzgerald.
Facts
At the part of the suppression hearing dealing with C.R.’s statements at the precinct the timeline for his arraignment was established by testimony, court records and a stipulation. His initial arrest occurred in the late afternoon of October 25, 2009, at which time he made spontaneous statements to the arresting officer that were ruled voluntary at the hearing. C.R. was thereafter processed at the precinct that night and early the next morning (October 26, 2009) and was then transported to Central Booking by 71st Precinct police personnel. At approximately 10:00 a.m. he was taken by the police to nearby Long Island College Hospital for medical treatment, which took about one hour, and he was then returned to Central Booking. He was designated a “medical walk-through” by the police, which meant that he was personally escorted by a 71st Precinct officer to expedite the process leading up to his court arraignment.
In the meantime the assigned detectives, having been told by patrol of the complainant’s deteriorating medical condition, went to Kings County Hospital to confirm this information.[2] They then decided to have the defendant brought back from Central Booking before his arraignment for an interview to attempt to enhance the more serious case against him.
Before this was accomplished, however, the District Attorney’s Office prepared and filed with the Kings County Criminal Court *716 the signed felony complaint, which, together with a copy of defendant’s NYSID sheet (arrest record) and a Criminal Justice Agency interview form, was then docketed by the Court Clerk’s Office at 8:15 p.m. on October 26, 2009. Some time that night C.R. was in fact brought back to the 71st Precinct, before his arraignment took place. He was then Mirandized by Detective Fitzgerald shortly before midnight and he waived his rights and gave an oral statement, which was followed by a written statement shortly after midnight on October 27, 2009. Defendant was returned to Central Booking and formally arraigned during the October 27, 2009 night session of Kings County Criminal Court, over 48 hours after his arrest.[3]
Conclusions of Law
Notwithstanding this lengthy delay in his prearraignment processing defendant C.R. was fully and properly advised of his Miranda rights and knowingly and voluntarily agreed to waive those rights. Even though the delay in arraigning C.R. was in large part caused by the detectives’ interrogation at the 71st Precinct, this delay itself is not dispositive of the admissibility of C.R.’s statements. It is well-settled that an undue delay in arraignment is but one factor to be considered in assessing the voluntariness of a confession, whereas the question of whether and when the right to counsel has indelibly attached can be determinative of admissibility. (See People v Ramos, 99 NY2d 27 [2002], habeas corpus denied 2006 WL 3681150, 2006 US Dist LEXIS 89699 [ED NY 2006]; People v DeCampoamor, 91 AD3d 669 [2d Dept 2012]; People v Williams, 53 AD3d 591 [2d Dept 2008], lv denied 11 NY3d 796 [2008].) Based upon this record I conclude that the delay in the arraignment of C.R. did not render his Mirandized 71st Precinct statements involuntary, but the analysis regarding these statements does not end here.
Under New York State law the right to counsel attaches once the criminal action has been commenced by the filing of the accusatory instrument — a form of judicial intervention. (See CPL 1.20 [16], [17]; see also People v Lopez, 16 NY3d 375, 380 [2011]; People v Grice, 100 NY2d 318, 320-321 [2003]; People v West, 81 NY2d 370, 373 [1993]; People v Lane, 64 NY2d 1047, 1048 [1985]; People v Griffith, 86 AD3d 649 [2d Dept 2011], lv denied 18 NY3d 859 [2011].) This right to counsel attaches regardless of whether the defendant has retained or requested an attorney. *717 (See People v Borukhova, 89 AD3d 194 [2d Dept 2011], lv denied 18 NY3d 881 [2012].) Moreover, the right to counsel attaches indelibly, such that, as a matter of state constitutional law, a defendant cannot waive the right to counsel outside the presence of the attorney representing that defendant. (See People v McLean, 15 NY3d 117 [2010]; People v Grice, 100 NY2d at 320-321; People v Cunningham, 49 NY2d 203, 205 [1980]; People v Harris, 93 AD3d 58 [2d Dept 2012].)
In this case defendant’s case was “docketed” for arraignment by a Kings County Criminal Court clerk prior to the time defendant made his oral and written statements at the 71st Precinct. I conclude that placing a case on the court docket, with the required felony complaint and other documents, constitutes the initial filing of an accusatory instrument and the commencement of the criminal action.[4] I further conclude that C.R.’s right to counsel had indelibly attached when his case was docketed and therefore he could not lawfully be questioned at the precinct without the presence of an attorney, and he could only waive his right to counsel in the presence of counsel. Accordingly, C.R.’s stationhouse oral and written statements must be and are suppressed and may not be used on the People’s case-in-chief. Nevertheless, since I conclude that these statements were otherwise voluntary and not classically coerced the People may use them on cross-examination should C.R. testify *718 at trial.[5] (See Harris v New York, 401 US 222 [1971]; People v Maerling, 64 NY2d 134, 140 [1984]; People v Sease, 245 AD2d 396 [2d Dept 1997], lv denied 91 NY2d 945 [1998], error coram nobis denied 261 AD2d 643 [2d Dept 1999].)

. He in fact died a few days later from hemorrhaging in the brain.

. The rule in New York is that defendants should normally be arraigned within 24 hours of arrest. (People ex rel. Maxian v Brown, 77 NY2d 422 [1991].)

. (Compare People v Wilson, 56 NY2d 692, 693-694 [1982] [where the Court of Appeals rejected a defendant’s argument that his right to counsel indelibly attached where he was physically in police custody awaiting arraignment. The Court noted that no accusatory instrument had been prepared or signed and therefore no criminal action had been commenced pursuant to CPL 1.20 (17)]; see also People v Lane, 64 NY2d 1047 [1985] [where the Court held that the police did not violate defendant’s right to counsel by obtaining his statement after the victim signed the felony complaint, but before the accusatory instrument had been filed in court]; People v Horn, 161 AD2d 603 [2d Dept 1990], lv denied 76 NY2d 894 [1990], habeas corpus denied 1997 WL 391461 [ED NY 1997].) The filing of an accusatory instrument “serves as the basis for prompt arraignment or issuance of a warrant of arrest.” (People v Blake, 35 NY2d 331, 339 [1974]; see People v Strother, 234 AD2d 571, 572 [1996], lv denied 89 NY2d 1016 [1997] [where the Second Department held that a defendant could waive his right to counsel upon questioning despite the detective’s preparation of a felony complaint, which was placed in a file cabinet since no criminal action had commenced at the time of the questioning. The Court noted “(i)t is the filing and not the filling out of the felony complaint which commences the prosecution for purposes of the attachment of the defendant’s right to counsel”]; see also People v Wright, 228 AD2d 709 [2d Dept 1996], lv denied 89 NY2d 948 [1997], error coram nobis denied 242 AD2d 550 [2d Dept 1997].)

. As it turned out, defendant C.R. testified at trial and gave substantially the same account as he did to the detectives, but was cross-examined about some variations. The written statement was then received in evidence without objection.