[No. 14761-1-II. Division Two. April 14, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. PATRICK WEBSTER, *Appellant.*

*Jeffrey J. Jahns* and *Ronald D. Ness & Associates,* for appellant.

*John W. Ladenburg, Prosecuting Attorney,* and *James B. Roche, Deputy,* for respondent.

ALEXANDER, C.J. — Patrick Webster appeals an order of the Pierce County Superior Court denying his motion to seal a juvenile court record. We reverse.

On September 16, 1987, Patrick Webster, a juvenile, was charged in Pierce County Juvenile Court with second degree rape. The charge arose out of allegations that he had forced a fellow Curtis Junior High School student to engage in sexual intercourse. Webster was 16 years old at the time the

offense was alleged to have occurred. Webster was convicted of the charge on December 4, 1987, and was sentenced to serve 30 days in detention, followed by 12 months of community supervision.

In January 1991, Webster moved to have his juvenile record sealed. The State did not oppose the motion. Nevertheless, a superior court judge denied Webster's motion, as well as his subsequent motion to reconsider, expressing concern about (1) the serious nature of Webster's offense, and (2) the effect sealing the record might have on the court's ability to obtain information about the rape offense if Webster were charged with a similar offense in the future. Webster now appeals.

The pertinent statute is RCW 13.50.050(11), which provides in part:

> The court *shall* grant the motion to seal records made pursuant to subsection (10) of this section if it finds that:
> (a) Two years have elapsed from the later of: (i) Final discharge of the person from the supervision of any agency charged with supervising juvenile offenders; or (ii) from the entry of a court order relating to the commission of a juvenile offense or a criminal offense;
> (b) No proceeding is pending against the moving party seeking the conviction of a juvenile offense or a criminal offense; and
> (c) No proceeding is pending seeking the formation of a diversion agreement with that person.

(Italics ours.)

██ It is undisputed that Webster satisfied all of the requirements of RCW 13.50.050(11). That being the case, the trial court erred in denying his motion. We reach that conclusion because the meaning of an unambiguous statute is derived from the face of the statute, *see Morris v. Blaker*, 118 Wn.2d 133, 142, 821 P.2d 482 (1992). The word "shall" creates an imperative obligation unless a different legislative intent can be discerned. *State v. Q.D.*, 102 Wn.2d 19, 29, 685 P.2d 557 (1984). There being no contrary interpretation apparent from a plain reading of the statute, the Superior

Court was obliged to seal the records once the requirements of RCW 13.50.050(11) were met.

■ Although the State did not oppose Webster's motion in superior court, it now contends that the trial court had the discretion to deny Webster's motion, even though the requirements of RCW 13.50.050(11) were satisfied. It argues that the Legislature intended to give judges the discretion to deny motions to seal in cases such as this, and that the intent is manifested by RCW 13.50.050(13), which provides:

> *If* the court grants the motion to seal made pursuant to subsection (10) of this section, it shall . . . order sealed the official juvenile court file . . . Thereafter, the proceedings in the case shall be treated as if they never occurred . . ..

(Italics ours.)

We agree that the use of "if" in RCW 13.50.050(13) suggests that the court may deny motions to seal in certain instances. However, subsection (13) does not specify what those instances are. The State appears to argue that the "if" language gives the trial court the discretion to deny motions to seal even when all the statutory requirements for granting such motions have been satisfied. We disagree. Instead, we believe that the Legislature intended to give trial courts discretion to deny motions to seal only when the conditions of subsection (11) are not satisfied.

■ ■ Legislative intent is to be ascertained from the statute as a whole. *See Clark v. Pacificorp*, 118 Wn.2d 167, 176, 822 P.2d 162 (1991). Furthermore, when construing a statute, unlikely, absurd, or strained interpretations are to be avoided. *See Morris*, 118 Wn.2d at 143; *see also State v. Stannard*, 109 Wn.2d 29, 36, 742 P.2d 1244 (1987). Here, when RCW 13.50.050(13) is read in conjunction with subsection (11) of that statute, it appears that a trial court's discretion is limited to deciding whether the requirements of subsection (11) have been satisfied. If those requirements are satisfied, then the trial court is obligated to grant the motion. Adopting the construction urged by the State would

create an absurd situation because it would render RCW 13.50.050(11) meaningless.

Reversed.

MORGAN and SEINFELD, JJ., concur.