[Nos. 67819-7; 67185-1; 67435-3.  En Banc.]

Argued June 17, 1999.    Decided October 14, 1999.

THE STATE OF WASHINGTON, *Petitioner,* v. T.K., *Respondent.*

THE STATE OF WASHINGTON, *Petitioner,* v. D.V., *Respondent.*

THE STATE OF WASHINGTON, *Petitioner,* v. C.C., *Respondent.*

*Christine O. Gregoire, Attorney General,* and *Carol Smith-Merkulov, Assistant*; and *James H. Krider, Prosecuting Attorney for Snohomish County,* and *David F. Thiele, Deputy,* for petitioner.

*Edwards, Sieh, Smith & Goodfriend, P.S.,* by *Howard M. Goodfriend* and *Brendan P. Finucane,* for respondent T.K.

*David S. Vogel, P.L.L.C.,* by *David S. Vogel,* for respondent D.V.

*Judith S. Dubester,* for respondent C.C.

*John W. Ladenburg, Prosecuting Attorney for Pierce County,* and *John C. Hillman, Deputy,* on behalf of Washington Association of Prosecuting Attorneys, amicus curiae.

*Davis Wright Tremaine,* by *Catherine E. Maxson,* on behalf of American Civil Liberties Union of Washington, amicus curiae.

MADSEN, J. — The question presented by these three consolidated cases is whether the 1997 amendments to

RCW 13.50.050, relating to vacation and sealing of juvenile court records, apply to the records of defendants who were eligible for expungement before the amendments were adopted but who moved for relief after the amendments became effective. In *State v. D.V.*, No. 93-8-06285-2 (King County Super. Ct. Aug. 10, 1998), and *State v. C.C.*, No. 91-8-01326-0 (King County Super. Ct. Oct. 20, 1998), the State Patrol appeals directly from a superior court order granting defendants' motions to seal juvenile files. In *State v. T.K.*, 94 Wn. App. 286, 971 P.2d 121 (1999), the State petitions for review of a published Court of Appeals' decision directing the superior court to seal defendant's records. We affirm the trial courts in *D.V.* and *C.C.* and the Court of Appeals in *T.K.*

## Facts

*State v. T.K.*

T.K. pleaded guilty to first degree child molestation in March 1993. The prosecutor recommended, and the court imposed, treatment under a special sex offender disposition alternative (SSODA). At that time, RCW 13.50.050(10) and (11) permitted juvenile offenders to petition the court to vacate disposition orders and to permanently seal juvenile court files two years after the juvenile was discharged from state agency supervision. If the juvenile had committed no other offenses, that statute required the juvenile court to grant the motion to vacate and seal.

T.K. completed the requirements of his SSODA in April 1995. In 1996, he petitioned the juvenile court to vacate his duty to register his residential address under the sex offender registration statute, RCW 9A.44.140(4). The court found the defendant met the demands of the statute and entered an order ending the registration requirement. T.K. did not, however, move to have his disposition orders vacated or his conviction records sealed under RCW 13.50.050.

In 1997, the Legislature amended RCW 13.50.050(11) to require sealing under subsection (10) only if the moving party has spent 10 consecutive years in the community

without committing any additional offenses in the case of a Class B felony and 5 years for a Class C felony conviction. It also eliminated sealing altogether if the original offense was a sex offense or a class A felony. LAWS OF 1997, ch. 338, § 40. The effective date of the amendments was July 1, 1997. LAWS OF 1997, ch. 338, § 75. In October 1997, T.K. moved the court to order the Washington State Patrol to expunge the record of his juvenile court conviction. The court denied the motion based on the 1997 amendments to RCW 13.50.050.

The Court of Appeals, Division One, held that the 1997 amendments could not divest T.K. of the right to have his records sealed because he satisfied all of the requirements for expungement under the pre-1997 version of the statute. The court therefore reversed and remanded with directions that T.K.'s records be expunged.

*State v. D.V.*

While trick-or-treating on Halloween night in 1992, D.V. forcibly took bags of candy from other teenagers. D.V. pleaded guilty to two counts of second degree robbery. The court entered its disposition order in November 1993.[1] On July 14, 1998, D.V. filed a motion to seal the juvenile court records under his juvenile court cause number pursuant to RCW 13.50.050. The trial court found he had met the requirements of RCW 13.50.050 prior to the 1997 amendments. Therefore, the court held that D.V. had a right to have his records sealed under the former statute and issued an order to the Washington State Patrol to seal the records.

The State Patrol notified D.V.'s attorney that it declined to comply with the order as it had not been notified of the motion and was not a party to the proceedings. D.V. then re-noted his motion and sent notice of the hearing to the State Patrol. At the second hearing the judge again ordered the State Patrol to seal D.V.'s records because he had

---

[1]The disposition order is not in the record, but no one disputes the date of entry.

become eligible for expungement prior to the 1997 amendments. The State Patrol appealed directly to this court.

*State v. C.C.*

C.C. pleaded guilty to the charge of rape of a child in the first degree in 1991. In September 1998, C.C. filed a motion to seal his juvenile records. The trial court granted the motion and entered an order sealing the juvenile records. The State Patrol appealed directly to this court.

These three cases have been consolidated for review by this court.

## Analysis

RCW 13.50.050(10) provides that an individual against whom an information has been filed under RCW 13.40.100 or who has been referred for diversion pursuant to RCW 13.40.070 "may file a motion with the court to have the court vacate its order and findings" and "order the sealing of the official juvenile court file, the social file, and records of the court and of any other agency in the case." Prior to July 1997, RCW 13.50.050(11) mandated:

> The court shall grant the motion to seal records made pursuant to subsection (10) of this section if it finds that:
>
> (a) Two years have elapsed from the later of: (i) Final discharge of the person from the supervision of any agency charged with supervising juvenile offenders; or (ii) from the entry of a court order relating to the commission of a juvenile offense or a criminal offense;
>
> (b) No proceeding is pending against the moving party seeking the conviction of a juvenile offense or a criminal offense; and
>
> (c) No proceeding is pending seeking the formation of a diversion agreement with that person.

Former RCW 13.50.050(11) (1996).

In 1997, the Legislature amended RCW 13.50.050(11) as follows:

The court shall grant the motion to seal records made pursuant to subsection (10) of this section if it finds that:

(a) For class B offenses other than sex offenses, since the last date of release from confinement, including full-time residential treatment, if any, or entry of disposition, the person has spent ten consecutive years in the community without committing any offense or crime that subsequently results in conviction. For class C offenses other than sex offenses, since the last date of release from confinement, including full-time residential treatment, if any, or entry of disposition, the person has spent five consecutive years in the community without committing any offense or crime that subsequently results in conviction;

(b) No proceeding is pending against the moving party seeking the conviction of a juvenile offense or a criminal offense;

(c) No proceeding is pending seeking the formation of a diversion agreement with that person;

(d) The person has not been convicted of a class A or sex offense; and

(e) Full restitution has been paid.

RCW 13.50.050(11). The effective date of the 1997 amendment was July 1, 1997. LAWS OF 1997, ch. 338, § 75.

Initially, the State contends the trial court exceeded its authority in ordering sealing of the defendants' records because "[t]he statute relied on by the Juvenile Court did not exist when it made its ruling." Br. of Appellant Wash. State Patrol, *State v. D.V.*, at 7; *see also* Br. of Appellant Wash. State Patrol, *State v. C.C.*, at 6. Citing *State v. Gilkinson*, 57 Wn. App. 861, 865, 790 P.2d 1247 (1990), the State argues that the trial court has no inherent power to resuscitate the terms of a previous statute (former RCW 13.50.050(11)) and apply them to the defendants' cases. Br. of Appellant Wash. State Patrol, *State v. D.V.*, at 8. *Gilkinson* does not support the State's position. At issue there was RCW 10.97.060 which provided for deletion of noncon-

viction data upon the request of the subject of such data. *Gilkinson*, 57 Wn. App. at 864. RCW 10.97.030(2) defined nonconviction data and RCW 10.97.030(4) excluded from the definition of nonconviction data any dismissal entered after probation, suspension, or deferral of sentence. The defendant conceded that deletion of his deferred sentence was not authorized under the relevant statutes. He argued, however, that the trial court had the inherent power to delete records of his conviction. The Court of Appeals disagreed, concluding that a trial court has no inherent authority to expunge a criminal record and that the authority to do so must come from the Legislature. Thus, the question in *Gilkinson* was not whether a statute which is amended ceases to exist, but whether a trial court has inherent authority to expunge criminal records, in addition to any express statutory authority. In these cases, the trial court and the Court of Appeals did not purport to rely on an inherent court power. They relied on the language of the preamendment statute.

■■ Contrary to the State's argument, amending a statute does not necessarily mean that the prior statute ceases to exist. An amendment generally means that the new statute will apply as of the effective date of the amendment. There are many cases, however, in which a preamendment version of a statute will continue to govern in cases arising prior to the amendment, particularly where vested rights or contractual obligations are affected. *See, e.g., In re F.D. Processing, Inc.*, 119 Wn.2d 452, 461-62, 832 P.2d 1303 (1992) (in action relating to statute extending lien protection to agricultural processors, preamendment version of statute governs because amendment to definition of agricultural products affected bank's vested right in a security interest and, therefore, not retroactively applied); *Ashenbrenner v. Department of Labor & Indus.*, 62 Wn.2d 22, 25, 380 P.2d 730 (1963) (rights of workmen's compensation claimants are controlled by law in force at time of injury rather than by law which becomes effective subsequently); *Procter & Gamble Co. v. King County*, 9 Wn.2d

655, 656, 115 P.2d 962 (1941) (in foreign corporation's action to recover taxes paid to county under protest, court held that rights had accrued and were not modified or terminated by repeal of that statute so that corporation was not required to prove it "had never conducted any business" in the state); *see also* 2 NORMAN J. SINGER, STATUTES AND STATUTORY CONSTRUCTION §§ 41.05-.07 (5th ed. 1997). Indeed, case law discussing prospectivity and retroactivity of statutory amendments abounds.[2]

The State next argues that the 1997 amendments apply to all records for which a request to seal is made after July 1, 1997. Since the defendants did not move for vacation and sealing of records until after the effective date of the amendments, the State contends that the requirements of

---

[2]*See, e.g., State v. McClendon*, 131 Wn.2d 853, 861, 935 P.2d 1334, *cert. denied*, 522 U.S. 1027 (1997) (holding 1995 amendment to RCW 46.61.5055 prospective only, and deciding double jeopardy challenge to preamendment version of statute); *Painting & Decorating Contractors, Inc. v. Ellensburg Sch. Dist.*, 96 Wn.2d 806, 813, 638 P.2d 1220 (1982) (amendment to RCW 28A.58.135 prospective only thus plaintiff's request for declaratory relief based on prior statute not mooted by later amendment); *Agency Budget Corp. v. Washington Ins. Guar. Ass'n*, 93 Wn.2d 416, 419-20, 610 P.2d 361 (1980) (1976 amendment to RCW 48.32.030(4) creating new cause of action prospective only; precipitating event to appellant's liability was adjudication of insolvency occurring after date of amendment); *State v. Douty*, 92 Wn.2d 930, 935-36, 603 P.2d 373 (1979) (holding amendment to RCW 26.26, the Washington Uniform Parentage Act prospective only, thus barring State's action seeking determination of paternity of child born before effective date of amendment); *Johnston v. Beneficial Management Corp.*, 85 Wn.2d 637, 642, 538 P.2d 510 (1975) (amendment to Consumer Protection Act, RCW 19.86, creating new right of action will not be construed to apply retroactively); *Anderson v. City of Seattle*, 78 Wn.2d 201, 202-03, 471 P.2d 87 (1970) (1961 statutory amendments increasing pensions for retired police officers applied prospectively, inapplicable to preexisting pensioners); *Poston v. Clinton*, 66 Wn.2d 911, 915-16, 406 P.2d 623 (1965) (statute barring evidence of alcohol blood tests unless person being tested has been advised of his or her rights and consent intended by Legislature to apply prospectively); *Hammack v. Monroe St. Lumber Co.*, 54 Wn.2d 224, 228-30, 339 P.2d 684 (1959) (statutory amendment to industrial insurance act providing for third party liability dealt exclusively with substantive rights and applied prospectively); *Pape v. Department of Labor & Indus.*, 43 Wn.2d 736, 741, 264 P.2d 241 (1953) (amendment to worker's compensation regarding filing claims for aggravation remedial in nature, and could be retroactively applied); *In re Dissolution of Cascade Fixture Co.*, 8 Wn.2d 263, 270-72, 111 P.2d 991 (1941) (holding that like statutes relating to tax lien priorities, amendment to unemployment compensation act providing for tax lien priorities due the Department of Unemployment Compensation will be construed as applying prospectively); *Pierce v. Pierce*, 107 Wash. 125, 128, 181 P. 24 (1919) (amendment to divorce statute providing that divorces may be granted by the superior court for certain causes not retroactive).

the amended statute must be met. The defendants reply that the 1997 amendments do not apply if the moving party met the statutory requirements for sealing the documents under the prior statute before it was amended. For this discussion, both the State and the defendants agree the 1997 amendments operate prospectively. However, the defendants believe that adopting the State's position will nevertheless result in a retroactive application of the amendment.

■ ■ To decide whether the 1997 amendments apply in these cases, we must look first to the language of the statute. If a statute is clear and unambiguous, a court may not look beyond the language of the statute. *Everett Concrete Prods., Inc. v. Department of Labor & Indus.*, 109 Wn.2d 819, 822, 748 P.2d 1112, 7 A.L.R.5TH 1086 (1988). Here, the 1997 amendments do not make clear whether the Legislature intended the new rules to apply to requests to seal records made after July 1, 1997, the effective date of the amendment, or only to requests involving juvenile records created after that date. Therefore, it is necessary to rely on rules of statutory construction to determine the meaning of the statute. *In re Juveniles A, B, C, D, E*, 121 Wn.2d 80, 88, 847 P.2d 455 (1993). In construing the statute, the Court's goal is to give effect to the Legislature's intent. *State v. Elgin*, 118 Wn.2d 551, 555, 825 P.2d 314 (1992).

■ A statute is presumed to operate prospectively unless the Legislature indicates that it is to operate retroactively. *Landgraf v. USI Film Prods.*, 511 U.S. 244, 264-66, 114 S. Ct. 1522, 128 L. Ed. 2d 229 (1994); *State v. McClendon*, 131 Wn.2d 853, 861, 935 P.2d 1334, *cert. denied*, 522 U.S. 1027 (1997); *In re Estate of Burns*, 131 Wn.2d 104, 110, 928 P.2d 1094 (1997); *Adcox v. Children's Orthopedic Hosp. & Med. Ctr.*, 123 Wn.2d 15, 30, 864 P.2d 921 (1993); *In re Dissolution of Cascade Fixture Co.*, 8 Wn.2d 263, 272, 111 P.2d 991 (1941). Courts disfavor retroactivity. *In re Estate of Burns*, 131 Wn.2d at 110. A statute operates prospectively when the precipitating event for its application occurs after the effective date of the statute. *Aetna*

*Life Ins. Co. v. Washington Life & Disability Ins. Guar. Ass'n*, 83 Wn.2d 523, 535, 520 P.2d 162 (1974). "A statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment . . . or upsets expectations based in prior law." *Landgraf*, 511 U.S. at 269 (quoting *Republic Nat'l Bank v. United States*, 506 U.S. 80, 100, 113 S. Ct. 554, 121 L. Ed. 2d 474 (1992)). To determine the precipitating event giving rise to application of a statute, a court may look to the subject matter regulated by the statute. *In re Estate of Burns*, 131 Wn.2d at 112.

The State argues that application of the 1997 amendments to these defendants would not result in retroactive application of the amendment because the event which triggers the statute is the motion to seal which occurred after the effective date of the amendment. The State offers two rationales for its position. First, it argues that the plain language of the 1997 amendment provides that the precipitating event for its application is the motion to seal. For support the State cites this court's recent decision in *State v. Blank*, 131 Wn.2d 230, 930 P.2d 1213 (1997). The issue there was whether application of a statute concerning attorney fees and costs of litigation following appeal involved retroactive application of a statute when applied to a defendant who had filed his appeal prior to adoption of the statute but before completion of his appeal. The court held that since the precipitating event for application of the statute was the termination of the appeal and affirmance of the defendant's conviction, the statute did not operate retroactively in the defendant's case. *Id.* at 249-50. *Blank* does not aid the State's position. The language in the statute at issue in *Blank* made it clear that the completion of the appeal was the triggering event for application of the fees and costs. As mentioned above, RCW 13.50.050 simply does not indicate the triggering event. Moreover, it made sense in *Blank* that the fee statute would be triggered only by completion of the appeal rather than filing the notice of appeal because a defendant whose conviction is reversed is under no obligation to pay those fees.

■ Next, the State contends that the reasoning of *In re Estate of Burns* compels the conclusion that the motion to seal is the precipitating event. Under the approach announced in *In re Estate of Burns*, the court looks to the subject matter regulated by the statute to determine the precipitating event. The State contends that the subject matter regulated by RCW 13.50.050(10) and (11) is the keeping and release of records by juvenile justice or care agencies. It argues that the motion to seal is an event within the subject matter regulated by the statute, whereas sentence completion and nonreoffending "are subjects very different from records maintenance." State's Answer to ACLU Amicus Curiae Br. at 7. Thus, the State concludes that the filing of the motion must be the precipitating event for application of the statute.

As the defendants point out, RCW 13.50.050(10) and (11) define the conditions under which a juvenile offender may have his disposition vacated and his records sealed. The completion of those conditions is within the subject matter regulated by the statute. Further, the statute both before and after the 1997 amendments says the court "shall" grant a motion to seal, imposing a mandatory obligation to seal if a juvenile meets the statutory conditions. Accordingly, once the conditions of the statute are met, the defendant has a right to relief and a court has the nondiscretionary obligation to seal records regardless of when the motion is made. *State v. Webster*, 69 Wn. App. 376, 378-79, 848 P.2d 1300 (1993).

Our decision in *State v. Hodgson*, 108 Wn.2d 662, 740 P.2d 848 (1987), is also helpful in resolving this issue. In *Hodgson*, this court considered the application of an amendment which extended a criminal statute of limitations. Rather than becoming bogged down in labels such as "prospective" and "retrospective," "procedural" or "substantive," the court recognized that statutes of limitations are matters of legislative grace. *Id.* at 667. Relying on *Falter v. United States*, 23 F.2d 420, 425-26 (2d Cir.), *cert. denied*, 227 U.S. 590, 48 S. Ct. 528, 72 L. Ed. 1003 (1928)

and *People ex rel. Reibman v. Warden of County Jail*, 242 A.D. 282, 285, 275 N.Y.S. 59 (1934), the court observed that " '[u]ntil the statute has run it is a mere regulation of the remedy . . . subject to legislative control. Afterwards it is a defense, not of grace, but of right, not contingent, but absolute and vested, . . . not to be taken away by legislative enactment.' " *Hodgson*, 108 Wn.2d at 668 (quoting *Warden*, 242 A.D. at 285). Although RCW 13.50.050(10) and (11) are not statutes of limitations, the analysis is similar. Just as the passage of a specified period of time triggers application of a statute of limitations, completing the conditions of the sealing statute triggers its application. Thus, just as dismissal is required when the specified time period has passed without a change in the statute of limitations, expungement is required if conditions for expungement were satisfied before those conditions were changed.

Considering the subject matter addressed by the provisions in question and the mandatory language of the statute we conclude that completion of the statutory conditions, not the filing of a motion to seal, is the event that triggers application of the statute. Consequently, assuming the 1997 amendments apply prospectively as both parties contend, the amendments do not apply to the motions made in these consolidated cases.

The State alternatively urges that if this application of the amendments to juveniles who met the criteria prior to the amendment is retroactive, then the court should find that the statute is remedial and that retroactive application will further its remedial purpose. Defendants counter that none of the exceptions to prospectivity apply to the 1997 amendments.

█ The presumption of prospectivity can be overcome if (1) the Legislature explicitly provides for retroactivity, *Landgraf*, 511 U.S. at 270, 278; (2) the amendment is "curative," *In re F.D. Food Processing, Inc.*, 119 Wn.2d at 461-62; or (3) the statute is "remedial," *McClendon*, 131 Wn.2d at 861.

█ █ A remedial statute is one which relates to

practice, procedures, and remedies. *McClendon*, 131 Wn.2d at 861. A remedial statute will ordinarily be applied retroactively unless to do so affects a substantive or vested right. *Id.* Here the State asserts the statute and its amendments are remedial because they are designed to protect the public by maintaining records of serious offenders and by extending the time spent in the community by juveniles convicted of lesser offenses to demonstrate rehabilitation. The State also contends the amendments are procedural, merely regulating record keeping.

The distinction between remedial statutes, substantive statutes, retroactivity and prospectivity is frequently blurred. Lewis H. Orland, a noted professor and writer in the area of civil procedure, has observed that the "substance-procedure dichotomy . . . does not provide a desirable analytical base." Lewis H. Orland & David G. Stebings, *Retroactivity in Review: The Federal and Washington Approaches*, 16 Gonz. L. Rev. 855, 880 n.133 (1981). As former Chief Justice Andersen said in *Hodgson*, 108 Wn.2d at 667, labeling of statutes as "procedural" or "substantive," "prospective" or "retrospective," or "retroactive" tends to obscure rather than clarify the law.

Even if the 1997 amendments at issue here are remedial, a statute will not be applied retroactively if it affects a substantive or vested right. *McClendon*, 131 Wn.2d at 861; *In re F.D. Food Processing, Inc.*, 119 Wn.2d at 462-63. The Court of Appeals in *State v. T.K.*, and the trial court in *State v. D.V.* and *State v. C.C.*, held that the defendants' statutory right to have records sealed had accrued prior to the amendment and no later-enacted statute could divest them of the right. The Court of Appeals analogized RCW 13.50.050(11) to a statute of limitations. Citing *Merrigan v. Epstein*, 112 Wn.2d 709, 773 P.2d 78 (1989) the court pointed out that Washington courts preserve claims which accrue prior to enactment of new statutes of limitation and, accordingly, run the statute of limitations from the new statute's effective date. *State v. T.K.*, 94 Wn. App. 286, 291, 971 P.2d 121 (1999).

The State finds fault with the court's discussion of accrued rights and its reliance on *Merrigan*. It argues that *Merrigan* involved interpretation of the tort reform act, RCW 4.16, and does not support the Court of Appeals' holding that a juvenile has a vested right to have his records sealed. These arguments demonstrate a misunderstanding of the Court of Appeals' opinion. The court did not find that all juveniles have a vested right to expungement. Rather, the court said that since T.K. had completed the statutory requirements for sealing prior to the 1997 amendment, his right to relief had accrued.

We find the Court of Appeals' analogy to statutes of limitations apt. In *Hodgson*, 108 Wn.2d 662, the court concluded that a statute of limitations is a matter of legislative grace and may be changed or repealed in any case where the right to a dismissal has not been absolutely acquired by the completion of the running of the statutory period. *Id.* at 667. Until the statute runs it merely regulates a remedy. After it has run, however, it becomes a defense which is "absolute and vested." *Id.* at 668. As with a statute of limitations, the right to sealing of records under former RCW 13.50.050(11) is contingent only upon spending two years in the community crime free. In each of the cases involved here the juvenile offenders completed the statutory requirements prior to the 1997 amendment. Pursuant to the statutory language, completion of these requirements mandated sealing. As in *Hodgson*, the right to sealing became absolute upon completion of the statutory conditions.

Finally, the State urges that a party has no vested right in the continuation of existing statutory law, citing *Vashon Island Comm. for Self-Gov't v. State Boundary Review Bd.*, 127 Wn.2d 759, 768-69, 903 P.2d 953 (1995). State's Pet. for Review, *State v. T.K.*, at 7. Relying on this notion of "vested rights," the State contends that no rights vest unless a timely application is filed during the effective period of the ordinance under which a juvenile is seeking relief. *Id.* The

Court of Appeals properly rejected the State's invitation to import land use principles into cases like these.

## Conclusion

The precipitating event for application of RCW 13.50-.050(11) is satisfaction of the statutory conditions, thus, prospective application of the 1997 amendment does not affect those juveniles who have spent two years in the community without reoffending prior to the adoption of the 1997 amendment. Moreover, the 1997 amendments may not be applied retroactively in these cases because a substantive right is affected. The trial courts in *State v. D.V.* and *State v. C.C.* are affirmed as is the Court of Appeals in *State v. T.K..*

SMITH, JOHNSON, ALEXANDER, and SANDERS, JJ., concur.

IRELAND, J. (dissenting) — As the majority properly concludes, the 1997 amendment to RCW 13.50.050(11) operates prospectively given the absence of contrary legislative intent either express or implied. *State v. Blank*, 131 Wn.2d 230, 248, 930 P.2d 1213 (1997) (statutes are presumed to operate prospectively, unless there is contrary legislative intent); *In re Estate of Burns*, 131 Wn.2d 104, 110, 928 P.2d 1094 (1997); *see also State v. Belgarde*, 119 Wn.2d 711, 722, 837 P.2d 599 (1992) (a statute is deemed to operate prospectively if event precipitating its application occurs after statute's effective date).

The majority is mistaken, however, regarding the event that triggers the application of RCW 13.50.050(11). Former RCW 13.50.050(11) was not triggered by the mere passage of its two-year time period as the majority concludes. Rather, a juvenile offender's motion to seal records is the event that triggers the application of RCW 13.50.050(11). Because the petitioners did not bring their motions to seal until after the effective date of the amendment, this more recent version of RCW 13.50.050(11) should be applied to their motions.

In determining a statute's triggering event, courts look first to the statute's plain language. *See, e.g., State v. Humphrey*, 139 Wn.2d 53, 57-58, 983 P.2d 1118 (1999); *In re Estate of Burns*, 131 Wn.2d at 112. When a statute is silent as to a precipitating event, courts will then look at other considerations such as the statute's prior history, and whether a new provision operates retrospectively under a given set of facts. *Humphrey*, 139 Wn.2d at 58-60 (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 269-70, 114 S. Ct. 1522, 128 L. Ed. 2d 229 (1994)).

Contrary to the majority opinion, the plain language of RCW 13.50.050(11) is not silent as to a precipitating event. The preamendment version provided as follows:

> The court shall grant the motion to seal records made pursuant to subsection (10)[3] of this section if it finds that:
>
> (a) Two years have elapsed from the later of: (i) Final discharge of the person from the supervision of any agency charged with supervising juvenile offenders; or (ii) from the entry of a court order relating to the commission of a juvenile offense or a criminal offense;
>
> (b) *No proceeding is pending against the moving party* seeking the conviction of a juvenile offense or a criminal offense; and
>
> (c) *No proceeding is pending* seeking the formation of a diversion agreement with that person.

Former RCW 13.50.050(11) (1996) (emphasis added).

The special protection granted to juveniles by RCW 13.50.050(10) and (11) is neither self-executing nor auto-

---

[3]Subsection (10) provided:

In any case in which an information has been filed pursuant to RCW 13.40.100 or a complaint has been filed with the prosecutor and referred for diversion pursuant to RCW 13.40.070, the person the subject of the information or complaint *may* file a motion with the court to have the court vacate its order and findings, if any, and, subject to subsection (24) of this section, order the sealing of the official juvenile court file, the social file, and records of the court and of any other agency in the case.

Former RCW 13.50.050(10) (1996) (emphasis added).

matic upon satisfaction of the statute's conditions at a particular point in time. Rather, a juvenile offender must affirmatively bring a motion to seal to take advantage of the *opportunity* to have juvenile records expunged. The court will deny such motion unless all conditions of RCW 13.50.050(11) are met when the court decides the motion.

Even if a juvenile offender has no "proceedings" pending against him at a particular point in time after the date the offender becomes eligible to file a motion to seal, the offender's motion will be denied if "proceedings" are pending when the motion is actually brought and decided.[4] Because a court can determine whether a juvenile offender is entitled to have his records expunged only after a motion to seal is brought, the motion to seal triggers the application of RCW 13.50.050(11). Because the plain language of RCW 13.50.050(11) indicates that a motion to seal precipitates its application, this court does not need to consider whether the amended statute would operate retrospectively if applied to the petitioners' motions here.

The majority also incorrectly concludes that the petitioners had "accrued" and "absolute" rights to have their juvenile records expunged. Majority op. at 334. While the majority correctly observes that there are "many cases . . . in which a preamendment version of a statute will continue to govern in cases arising prior to the amendment, particularly where vested rights or contractual obligations are affected," the petitioners' rights to relief under former RCW 13.50.050 were not "accrued" or "absolute." Majority op. at 327 (citing *In re F.D. Processing, Inc.*, 119 Wn.2d 452, 461-62, 832 P.2d 1303 (1992); *Ashenbrenner v. Department of Labor & Indus.*, 62 Wn.2d 22, 25, 380 P.2d 730 (1963); *Procter & Gamble Co. v. King County*, 9 Wn.2d 655, 656, 115 P.2d 962 (1941)).

---

[4]The majority writes that "it made sense in *Blank* that the fee statute would be triggered only by completion of the appeal rather than filing the notice of appeal because a defendant whose conviction is reversed is under no obligation to pay those fees." Majority op. at 330. Similarly here, it "makes sense" that the expungement statute is triggered only by a motion to seal rather than the mere passage of time because the court is under no obligation to grant the motion if "proceedings" are pending when the motion is brought.

To "accrue" means to become "vested." BLACK's LAW DICTIONARY 20 (6th ed. 1990). "Vested rights" are "so completely and definitely accrued to or settled in a person that they are not subject to be defeated . . . ." BLACK's at 1564. A "vested right" "does not depend on any event that is uncertain"; it is a right that is "no longer open to controversy." BLACK's at 1564.

While vested rights "cannot be interfered with by retrospective laws," BLACK's at 1564, " '[a] *mere expectation* based upon an anticipated continuance of the existing law' is insufficient to vest a legal right." *State v. Shultz*, 138 Wn.2d 638, 646, 980 P.2d 1265 (1999) (quoting *State v. Hennings*, 129 Wn.2d 512, 528, 919 P.2d 580 (1996)); *In re Marriage of MacDonald*, 104 Wn.2d 745, 750, 709 P.2d 1196 (1985) (an expectation in the continuance of existing law is not equivalent to a vested property right); *Johnson v. Continental W., Inc.*, 99 Wn.2d 555, 563, 663 P.2d 482 (1983) (a person has no vested right in the continuation of existing statutory law).

In the criminal context, contingent and vested rights are mutually exclusive. *See, e.g., State v. Hodgson*, 108 Wn.2d 662, 668, 740 P.2d 848 (1987) (referring to a criminal statute of limitations that has run, " 'it is a defense, not of grace, but of right, not contingent, but absolute and vested' " (quoting *People ex rel. Reibman v. Warden of County Jail*, 242 A.D. 282, 285, 275 N.Y.S. 59, 63 (1934))).

In the civil context also, with the exception of certain contract and property rights, a right that is contingent is not a vested right and vice versa. *See Adams v. Ernst*, 1 Wn.2d 254, 265, 95 P.2d 799 (1939) (" '[r]ights are vested, in contradistinction to being expectant or contingent' "; rights are contingent " 'when they are only to come into existence on an event or condition which may not happen . . . until some other event may prevent their vesting' " (quoting *Pearsall v. Great N. Ry.*, 161 U.S. 646, 673, 16 S. Ct. 705, 40 L. Ed. 838 (1896))); *Shufeldt v. Shufeldt*, 130 Wash. 253, 261, 227 P. 6 (1924) (a remainder shall not be considered contingent in any case where, consistent

with the intention of the testator, it may be considered vested); *Helgeson v. City of Marysville*, 75 Wn. App. 174, 182, 881 P.2d 1042 (1994) (employee's right to payment under retirement system does not vest until employee meets contractual conditions for payment).[5]

Here, the petitioners' rights to expungement of their records under former RCW 13.50.050(11) remained contingent up until the Legislature amended the statute and thereby prevented their rights from vesting. The petitioners' rights remained contingent because, as discussed within the "triggering event" analysis above, such rights could have been defeated by petitioners' subsequent conduct resulting in a "pending proceeding."

As the majority recognizes, the *Hodgson* analysis is helpful here. However, the majority draws the wrong conclusion because it fails to recognize a critical difference between a statute of limitation and former RCW 13.50-.050(11). The issue in *Hodgson* was whether a legislative enactment extending a criminal statute of limitation applied to crimes committed before such enactment where the former statute of limitations had not yet run before the enactment. *Hodgson*, 108 Wn.2d at 666. The *Hodgson* court concluded that a statute of limitation does not create an absolute right to a dismissal until the limitation period has run. 108 Wn.2d at 667. Until the limitation period has run, it is "subject to legislative control." *Hodgson*, 108 Wn.2d at 668. Thus, when a statute extends a period of limitation, it applies to offenses that are not yet time barred at the statute's effective date. *Hodgson*, 108 Wn.2d at 668.

A similar situation exists here. A person does not have an absolute right to have his or her juvenile records sealed under RCW 13.50.050(11) unless the person has satisfied the conditions of the statute. Relying on *Hodgson* by analogy, the right at issue here is subject to legislative control

---

[5]*Compare In re Marriage of Leland*, 69 Wn. App. 57, 71, 847 P.2d 518 (1993) (a beneficiary under a privately purchased disability insurance policy has a vested right to benefits where his contractual right to receive disability payments is contingent only upon remaining disabled).

until it becomes "absolute and vested." *See Hodgson*, 108 Wn.2d at 668. But, unlike the right to dismissal under a statute of limitations and contrary to the majority opinion, the right under former RCW 13.50.050(10) and (11) does not become "absolute and vested" upon the mere passage of time. This right vests only when a timely motion to seal is brought and no "proceedings" are pending.

Other cases cited by the majority are factually distinguishable because, unlike here, the particular rights involved were "no longer open to controversy" and were not dependent upon an "uncertain" future event. For example, in *F.D. Processing*, a bank obtained a perfected security interest in the inventory and accounts receivable of a dairy products processor. 119 Wn.2d at 454. Subsequent to the creation of the bank's security interest, the Legislature amended chapter 60.13 RCW to authorize milk producers to obtain processor liens superior to an earlier perfected security interest in the same collateral. *F.D. Processing*, 119 Wn.2d at 456-57; *see also* RCW 60.13.020.

*F.D. Processing* concluded that milk producers were not entitled to the retroactive application of the amendments to chapter 60.13 RCW because the bank's rights were vested. 119 Wn.2d at 463. Unlike the petitioners' rights under former RCW 13.50.050, the bank's security interest was not contingent when the Legislature amended chapter 60.13 RCW.

Thus, this court should have reversed the Court of Appeals in *State v. T.K.* and reversed the trial courts in *State v. D.V.* and *State v. C.C.*

GUY, C.J., and TALMADGE, J., concur with IRELAND, J.