[No. 32215-3-II. Division Two. July 12, 2005.]

The State of Washington, *Respondent*, v. D.S., *Appellant*.

*E. Allen Walker*, for appellant.

*Russell D. Hauge, Prosecuting Attorney*, and *Todd L. Dowell, Deputy*, for respondent.

¶1 HUNT, J. — D.S. appeals the trial court's denial of his motion to expunge and to seal his juvenile indecent liberties adjudication under RCW 13.50.050. Holding that the Supreme Court's decision in *State v T.K.*[1] controls and mandates application of the pre-1997 amendment version of RCW 13.50.050, we reverse and remand to the trial court to seal and to expunge D.S.'s juvenile record.

## FACTS

¶2 On June 3, 1986, juvenile D.S. pleaded guilty to one count of first degree statutory rape. The trial court reduced the offense to indecent liberties and, on July 30, 1986, sentenced D.S. to serve one year of community supervision. D.S. served his sentence and, since that time, he has not been charged with another crime.

¶3 On July 26, 2004, D.S. moved to expunge and to seal his juvenile criminal record under RCW 13.50.050. Reasoning that the 2001 amended version of RCW 13.50.050 precluded sealing and expunging of D.S.'s juvenile record because he did not bring his motion until after the effective date of the amendment, the trial court denied the motion.

¶4 D.S. appeals.

## ANALYSIS

¶5 The issues before us are (1) whether the legislature's 2001 amendments to RCW 13.50.050 operated to bar sealing and expungement of D.S.'s 1986 juvenile sex offense when he did not file his motion until 2004 or (2) whether the preamendment version of RCW 13.50.050 still applied. D.S. argues that the Supreme Court's decision in *T.K.* controls

---

[1] 139 Wn.2d 320, 987 P.2d 63 (1999).

and that his right to expungement and sealing vested when he went crime-free for two years after his release from confinement, despite the legislature's attempt to curtail the effect of *T.K.* in its 2001 amendment of RCW 13.50.050. We agree with D.S.

## I. EVOLUTION OF RCW 13.50.050

¶6 RCW 13.50.050 governs the sealing of juvenile criminal records. Before 1997, former RCW 13.50.050(11) (1996) required the court to grant an offender's motion to seal his juvenile record if he met two conditions: (1) two years had elapsed from the later of his discharge from supervision or the court's issuance of an order relating to the offense; and (2) no further criminal or diversion proceedings remained pending against the offender.[2] It is undisputed that D.S. met both criteria in 1989.

¶7 In July 1997, the legislature amended RCW 13-.50.050, adding a prohibition against sealing any juvenile record containing a felony sex offense.[3] This amendment

---

[2] Former RCW 13.50.050(11) (1996) provided:

The court shall grant the motion to seal records made pursuant to subsection (10) of this section if it finds that:

(a) Two years have elapsed from the later of: (i) Final discharge of the person from the supervision of any agency charged with supervising juvenile offenders; or (ii) from the entry of a court order relating to the commission of a juvenile offense or a criminal offense;

(b) No proceeding is pending against the moving party seeking the conviction of a juvenile offense or a criminal offense; and

(c) No proceeding is pending seeking the formation of a diversion agreement with that person.

[3] After the 1997 amendments, RCW 13.50.050(11) provided:

The court shall grant the motion to seal records made pursuant to subsection (10) of this section if it finds that:

(a) For class B offenses other than sex offenses, since the last date of release from confinement, including full-time residential treatment, if any, or entry of disposition, the person has spent ten consecutive years in the community without committing any offense or crime that subsequently results in conviction. For class C offenses other than sex offenses, since the last date of release from confinement, including full-time residential treatment, if any, or entry of disposition, the person has spent five consecutive years in the community

was effective July 1, 1997.[4] It is undisputed that D.S.'s 1986 indecent liberties adjudication was a Class B felony sex offense. Thus, if the triggering event for applying the 1997 amendment was filing a motion, then the 1997 amendment would have prohibited the sealing of D.S.'s juvenile record when he filed his motion in 2004.

¶8 In 1999, however, the Washington Supreme Court held that the triggering event was not the filing of a motion to seal the record but, rather, the offender's satisfaction of the statutory criteria—the passage of time with no new offenses.[5] In *T.K.*, the court considered whether a trial court erred in denying a juvenile sex offender's motion to seal his record based on the 1997 amendments to RCW 13.50.050.[6] The court ruled that the 1997 amendments were ambiguous about (1) whether they applied retroactively and (2) what event triggered the application of RCW 13.50.050.[7]

¶9 Applying principles of statutory construction, the court held that (1) the 1997 amendments applied prospectively and (2) "completion of the statutory conditions, not the filing of a motion to seal," triggered application of RCW 13.50.050 entitling an offender to the sealing of his juvenile record.[8] Therefore, the court concluded, where an offender seeking to have his juvenile criminal records sealed had satisfied the statutory conditions of RCW 13.50.050 *before*

---

without committing any offense or crime that subsequently results in conviction;

    (b) No proceeding is pending against the moving party seeking the conviction of a juvenile offense or a criminal offense;

    (c) No proceeding is pending seeking the formation of a diversion agreement with that person;

    (d) The person has not been convicted of a class A or sex offense; and

    (e) Full restitution has been paid.

Former RCW 13.50.050(11) (amended by LAWS OF 1997, ch. 338, § 40).

[4] LAWS OF 1997, ch. 338, § 40.

[5] *T.K.*, 139 Wn.2d at 332.

[6] *T.K.*, 139 Wn.2d at 323-24.

[7] *T.K.*, 139 Wn.2d at 329-30.

[8] *T.K.*, 139 Wn.2d at 332.

*July 1997*, the former version of the statute governed, no matter when the offender filed the motion.[9]

¶10 In 2001, responding to the court's *T.K.* decision, the legislature again amended RCW 13.50.050, providing that the 1997 amendments applied to any offender, such as D.S., who had a prior sex offense and who had filed a motion to seal his juvenile record *after* July 1, 1997.[10]

## II. EFFECTIVE DATE OF 2001 AMENDMENT

¶11 The State argues that because the legislature's 2001 amendment to RCW 13.40.050 "did not exist" at the time the Supreme Court rendered its decision in

---

[9] *T.K.*, 139 Wn.2d at 335.

[10] The current provision, as amended in 2001 and 2004, reads:

(12) The court shall not grant any motion to seal records made pursuant to subsection (11) of this section that is filed on or after July 1, 1997, unless it finds that:

(a) For class B offenses other than sex offenses, since the last date of release from confinement, including full-time residential treatment, if any, or entry of disposition, the person has spent five consecutive years in the community without committing any offense or crime that subsequently results in conviction. For class C offenses other than sex offenses, since the last date of release from confinement, including full-time residential treatment, if any, or entry of disposition, the person has spent two consecutive years in the community without committing any offense or crime that subsequently results in conviction. For gross misdemeanors and misdemeanors, since the last date of release from confinement, including full-time residential treatment, if any, or entry of disposition, the person has spent two consecutive years in the community without committing any offense or crime that subsequently results in conviction. For diversions, since completion of the diversion agreement, the person has spent two consecutive years in the community without committing any offense or crime that subsequently results in conviction or diversion;

(b) No proceeding is pending against the moving party seeking the conviction of a juvenile offense or a criminal offense;

(c) No proceeding is pending seeking the formation of a diversion agreement with that person;

(d) *The person has not been convicted of a class A or sex offense*; and

(e) Full restitution has been paid.

RCW 13.50.050(12) (emphasis added).

*T.K.*, the court's decision is not controlling.[11] We disagree.[12] As the court noted in *T.K.*:

> Contrary to the State's argument, amending a statute does not necessarily mean that the prior statute ceases to exist. An amendment generally means that the new statute will apply as of the effective date of the amendment. There are many cases, however, in which a preamendment version of a statute will continue to govern in cases arising prior to the amendment, particularly where vested rights or contractual obligations are affected.[13]

¶12 The *T.K.* decision is consistent with the general rule that we apply statutory amendments prospectively.[14] Nonetheless, we will apply an amendment retroactively if " '(1) the legislature so intended; (2) it is "curative"; or (3) it is remedial, provided, however, such retroactive application does not run afoul of any constitutional prohibition.' "[15] With respect to criteria one and two, it is undisputed that here the legislature intended its 2001 amendment to RCW 13.50.050 to apply retroactively to "cure" the 1997 amendment's ambiguity that had precipitated the Supreme Court's decision in *T.K.*[16]

---

[11] Br. of Resp't at 3-4. The State also asserts that D.S.'s sworn affidavit in support of his motion to seal (1) "uses language that would indicate his intent and acknowledgement that the post 1997 amendments to RCW 13.50.050 apply to his case," and (2) fails to mention his sex offense conviction. Br. of Resp't at 10 n.4. The record shows that in his affidavit, D.S. did mention his prior crime as "any Class B Felonies for which I was adjudicated guilty in Juvenile Court . . . " although he did not specify a sex crime. Clerk's Papers at 10. The record does show that D.S. explicitly stated a belief that the amended version of the statute applied to him.

[12] We note also that, although it was the 1997 amendment at issue in *T.K.*, not the 2001 amendment at issue here, the State's argument about the triggering event was essentially made by the dissent in *T.K.* and rejected by the majority.

[13] *T.K.*, 139 Wn.2d at 327.

[14] *McGee Guest Home, Inc. v. Dep't of Soc. & Health Servs.*, 142 Wn.2d 316, 324, 12 P.3d 144 (2000) (citing *Magula v. Benton Franklin Title Co.*, 131 Wn.2d 171, 181, 930 P.2d 307 (1997)).

[15] *McGee Guest Home*, 142 Wn.2d at 324 (quoting *State v. Cruz*, 139 Wn.2d 186, 191, 985 P.2d 384 (1999)).

[16] As the legislature expressly noted:

The legislature intends to change the results of the holding of *State v. T. K.*, 139 Wn.2d 320, 987 P.2d 63 (1999), and have any motion made after July 1, 1997, to

¶13 But such curative retroactivity here, if valid, would thwart the third *McGee Guest Home* criterion because it would run afoul of the constitutional separation of powers doctrine.[17] It is a "fundamental rule of statutory construction that *once a statute has been construed by the highest court of the state, that construction operates as if it were originally written into it.*"[18] Here, the Supreme Court read the pre-1997 version of RCW 13.50.050 as creating an offender's automatic entitlement to sealing of his juvenile record once he remained crime-free for two years in the community.[19]

¶14 Thus, although the legislature may act generally to clarify its statutes, even retroactively, such clarification cannot have a retroactive effect where the statutory amendment directly contravenes a prior Supreme Court decision interpreting an ambiguous provision in the original statute.[20] Thus here, although promulgating the 2001 amendment expressly to contravene *T.K.*, the legislature could not thereby alter the court's prior construction of RCW 13.50.050(11) by declaring it retroactive. As the court noted:

> [T]he statute both before and after the 1997 amendments says the court "shall" grant a motion to seal, imposing a mandatory

---

seal juvenile records be determined by the provisions of RCW 13.50.050 in effect after July 1, 1997.
LAWS OF 2001, ch. 49, § 1. Accordingly, the legislature provided that its 2001 amendment to RCW 13.50.050 applies retroactively: "The court shall not grant any motion to seal records made pursuant to subsection (11) of this section that is filed on or after July 1, 1997, unless it finds . . . ." RCW 13.50.050(12).

[17] *See McGee Guest Home, Inc., v. Dep't of Soc. & Health Servs.*, 142 Wn.2d 316, 12 P.3d 144 (2000); *In re Pers. Restraint of Stewart*, 115 Wn. App. 319, 337, 75 P.3d 521 (2003).

[18] *Johnson v. Morris*, 87 Wn.2d 922, 927, 557 P.2d 1299 (1976) (emphasis added).

[19] The court held:

As with a statute of limitations, the right to sealing of records under former RCW 13.50.050(11) is contingent only upon spending two years in the community crime free. In each of the cases involved here the juvenile offenders completed the statutory requirements prior to the 1997 amendment. Pursuant to the statutory language, completion of these requirements mandated sealing. As in [*State v.*] *Hodgson*, [108 Wn.2d 662, 740 P.2d 848 (1997),] the right to sealing became absolute upon completion of the statutory conditions.

*T.K.*, 139 Wn.2d at 334.

[20] *McGee Guest Home*, 142 Wn.2d at 324-25.

obligation to seal if a juvenile meets the statutory conditions. Accordingly, once the conditions of the statute are met, the defendant has a right to relief and a court has the non-discretionary obligation to seal records regardless of when the motion is made.[21]

¶15 Although, as the State asserts, our Supreme Court has not yet addressed the retroactivity of the legislature's 2001 amendment, the court in *T.K.* nevertheless explained how it would rule even if the 1997 amendment had been unambiguous and clearly retroactive:

> Even if the 1997 amendments at issue here are remedial, a statute will not be applied retroactively if it affects a substantive or vested right. The Court of Appeals in *State v. T.K.*, . . . held that the *defendants' statutory right* to have records sealed had *accrued prior to the amendment* and *no later-enacted statute could divest them of the right.*[22]

---

[21] *T.K.*, 139 Wn.2d at 331.

[22] *T.K.*, 139 Wn.2d at 333 (emphasis added, citations omitted). In support of our rationale, we note the following more recent passage from *State v. Varga*, in which our Supreme Court distinguishes *T.K.* from the line of cases addressing the retroactivity of juvenile offense wash-out statutes and case law:

> The 2002 SRA [Sentencing Reform Act of 1981] amendments are also distinguishable from the statute at issue in *State v. T.K.*, which Varga also cites to support his vested rights argument.[6] In *T.K.*, we considered whether T.K. had a vested right to expunge his 1993 juvenile conviction from his record after two crime-free years provided that he committed no new offenses. At the time T.K. committed his juvenile offense, former RCW 13.50.050(11) (1992) required trial courts to expunge such convictions upon filing of a motion. However, in 1997 the legislature amended RCW 13.50.050(11) to effectively remove T.K.'s ability to petition a court to expunge his record. We concluded that T.K. had a vested right under the former statute to expunge his conviction. Critically, we reached that conclusion because T.K. had met the statutory conditions under the former statute that required courts to expunge his conviction and that T.K. could petition the court to expunge his record.
>
> Unlike T.K., Varga could not exercise his alleged "right" to the "washed out" status of his prior convictions until he committed a new offense. T.K. on the other hand could have moved the court to expunge his juvenile adjudication under the former version of RCW 13.50.050(11). Given that Varga's ability to exercise his right depended on his commission of a new offense, we cannot conclude that Varga is entitled to the same protections as T.K. Therefore, we do not find *T.K.* persuasive.

---

[6] Varga also claims that *Cruz*[, 139 Wn.2d 186,] and [*State v.*] *Smith*[, 144 Wn.2d 665, 30 P.3d 1245 (2001),] held that defendants possessed a "vested right" in the "washed out" status of their prior convictions. However, in both cases we

¶16 In our view, this language from *T.K.* also precluded the 2001 amendment's retroactive application to D.S., whose right to sealing and expungement of his juvenile record had accrued in 1989, long before even the 1997 amendment. Despite the legislature's express intent, it could not amend former RCW 13.50.050 such that it could retroactively defeat *T.K.*'s application to D.S. Under *T.K.*, D.S. earned his right to have his juvenile record sealed when he committed no additional crimes for two years, thus complying with former RCW 13.50.050's requirements in 1989. If the 1997 amendment could not operate to divest T.K. of his right to expungement, then similarly, the 2001 amendment could not operate to divest D.S. of the same right.[23] That D.S. did not file a motion to expunge or to seal his record until 2004, three years after the 2001 amendment, does not eradicate this vested right.

¶17 Holding that the trial court erred in applying the 2001 amended version of RCW 13.50.050 to defeat D.S.'s motion, we reverse and remand to the trial court to expunge D.S.'s prior juvenile adjudication from his record and to seal that record. Having reversed on this nonconstitutional ground, we do not reach D.S.'s additional constitutional grounds for reversal.[24]

¶18 Reversed.

MORGAN, A.C.J., and ARMSTRONG, J., concur.

---

specifically declined to hold that defendants possessed a vested right, holding that the SRA amendment affected a *substantive* not vested right.

*State v. Varga*, 151 Wn.2d 179, 197-98 & n.6, 86 P.3d 139 (2004) (citations omitted).

[23] *T.K.*, 139 Wn.2d at 334.

[24] *Isla Verde Int'l Holdings, Inc. v. City of Camas*, 146 Wn.2d 740, 752, 49 P.3d 867 (2002).