[No. 23582-3-III.   Division Three.   January 31, 2006.]

THE STATE OF WASHINGTON, *Appellant*, v. KURT WALTER KOESTER, *Respondent*.

*Steven J. Tucker, Prosecuting Attorney,* and *Kevin M. Korsmo* and *Andrew J. Metts III, Deputies,* for appellant.

*Robert R. Cossey* and *Keely R. Chapman* (of *Robert R. Cossey & Associates, P.S.*), for respondent.

¶1 THOMPSON, J.[*] — In 1986, Kurt Koester entered a guilty plea to a charge of third degree assault. At that time, the former statute allowed the vacation of a defendant's record if certain conditions were met. In 1987, RCW 9-.94A.640 was amended to prohibit defendants from obtaining vacation of a conviction for a crime against a person, including any conviction for third degree assault. In October 2004, Mr. Koester sought vacation of his 1986 assault conviction. The trial court applied the preamendment version of the statute and entered an order vacating Mr. Koester's conviction. The State challenges the court's order vacating Mr. Koester's assault conviction. We reverse.

FACTS

¶2 In December 1986, Mr. Koester entered a guilty plea to a third degree assault charge. On August 18, 1988, a certificate of discharge was entered. On October 15, 2004,

---

[*] Judge Philip J. Thompson is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

Mr. Koester filed a motion for entry of a not guilty plea and vacation of his record. The reason for Mr. Koester's 18 year delay in seeking vacation of his record was that initially his employer did not require a clear record. Later, Mr. Koester had the opportunity to obtain a job in a different field, but he learned that he could not be hired if he had any criminal convictions.

¶3 At a hearing on October 14, 2004, the court granted Mr. Koester's motion and entered an order of entry of not guilty plea and vacation of his record. The court concluded that the certificate of discharge entered in 1988 created a vested right that enabled Mr. Koester to have his record vacated. The State appeals.

*Did the trial court err by vacating Mr. Koester's third degree assault conviction?*

■ ¶4 Mr. Koester sought vacation of his 1986 conviction for third degree assault. At the time this crime was committed, the former statute allowed the vacation of a defendant's record if certain conditions were met. In 1987, the former statute was amended and recodified as RCW 9-.94A.640(2)(c). Under this amendment, a defendant was prohibited from obtaining the vacation of crimes against a person. Third degree assault is a crime against a person. RCW 43.43.830(5); RCW 9.94A.411. As a result, Mr. Koester was ineligible to have his third degree assault conviction vacated after the 1987 amendment to RCW 9.94A.640(2)(c).

¶5 This court must determine which version of RCW 9-.94A.640(2)(c) applies—the 1986 version or the 1987 post-amendment version. The trial court determined that the 1988 certificate of discharge created a vested interest, and the court applied the 1986 version of the statute.

■ ■ ¶6 Generally, statutes are presumed to operate prospectively unless the legislature indicates that the statute is to apply retroactively. *State v. T.K.*, 139 Wn.2d 320, 329, 987 P.2d 63 (1999). In *T.K.*, juveniles moved to seal their juvenile court records under the applicable statute. *Id.* at 323. The juveniles had satisfied the conditions of the

preamendment statute before it was changed. *Id.* at 331. However, the juveniles did not move to seal their records until the statute had been amended to impose conditions that made them ineligible at the time they filed their request. *Id.* at 323-26. Under the former statute, RCW 13-.50.050(11) (1992), courts were required to expunge juvenile convictions upon the filing of a motion. *T.K.*, 139 Wn.2d at 325. The court concluded that T.K. had a vested right under the former statute to expunge his conviction. *Id.* at 332. The court reached this conclusion because T.K. had fulfilled all of the statutory conditions under the former statute before the conditions were changed. *Id.*

¶7 A "precipitating event" operates as the trigger that determines which statutes apply. *T.K.*, 139 Wn.2d at 329-30. In *T.K.*, the precipitating event was the fulfillment of the preamendment statutory conditions before they were changed. Here, both versions of the statute contained a provision that read as follows: "An offender may not have the record of conviction cleared if: . . . (e) the offense was a class C felony and less than five years have passed since the date the applicant was discharged." Former RCW 9-.94A.230(2)(e) (1981); RCW 9.94A.640(2)(f).

¶8 The trial court determined that the 1988 certificate of discharge created a vested interest, and the court applied the 1986 version of the statute. However, any rights Mr. Koester had in the 1986 version of the statute did not vest until the end of the five year period following the entry of the 1988 discharge order. Hence, the precipitating event occurred after the 1987 amendment to RCW 9.94A.640, and this version of the statute applies to Mr. Koester's request to vacate his conviction.

¶9 Moreover, the result would be the same if we assumed that the entry of the discharge order itself was the precipitating event, because the discharge was granted in 1988—after the 1987 amendments. Consequently, the entry of the discharge order would trigger the operation of the post-1987 version of the statute, not the 1986 version. In short, Mr. Koester did not have a vested right in the application of

the earlier version of the statute as the result of the discharge order because he had not fulfilled all of the conditions required under the statute.

¶10 Mr. Koester acknowledges that *T.K.* holds that a completely vested right will trigger the application of the preamendment statute. But Mr. Koester points out that *T.K.* did not consider the situation where the defendant's rights were incompletely vested. According to Mr. Koester, where the defendant's rights are incompletely vested, like his, the court must determine whether a substantive right is affected. Mr. Koester maintains that the preamendment version of RCW 9.94A.640 applies because the application of the postamendment statute divests him of his substantive right to have his record vacated.

¶11 In *T.K.*, the court explained its reasoning in a manner that does not support the argument advanced by Mr. Koester. The court based its reasoning on *State v. Hodgson*, 108 Wn.2d 662, 666, 740 P.2d 848 (1987), which held that a new, extended criminal statute of limitation applied to offenses not yet time barred when the new enactment took effect. Citing *Hodgson*, the court explained that, "[r]ather than becoming bogged down in labels such as 'prospective' and 'retrospective,' 'procedural' or 'substantive,' the court recognized that statutes of limitations are matters of legislative grace." *T.K.*, 139 Wn.2d at 331 (citing *Hodgson*, 108 Wn.2d at 667). And this meant that until the statute has run, it is a regulation of the remedy that is subject to the control of the legislature. But after the statute has run, it is a defense of right that is absolute and vested and that cannot be taken away by the legislature. *Id.* at 332 (citing *Hodgson*, 108 Wn.2d at 668). Accordingly, just as dismissal is required if the time period passes without a change in the statute of limitations, expungement is required if the conditions were satisfied before the statute was changed. *T.K.*, 139 Wn.2d at 331. For this reason, the court in *T.K.* concluded that the completion of the statutory conditions, not the motion to expunge, was the event that triggered the application of the statute. *Id.*

¶12 Applying *T.K.* here, Mr. Koester's arguments fail. Incomplete vesting is not an event capable of triggering the application of the preamendment statute. Similarly, eligibility to vacate a record is not a substantive right but a period of legislative grace that is subject to the control of the legislature until all of the conditions are satisfied. Unless all of the conditions have been met, and vesting has occurred, the legislature may change the remedy granted by the statute. In short, Mr. Koester cannot challenge the legislature's decision to amend the statute when he had not fulfilled the conditions necessary to trigger the application of the preamendment statute. He had no substantive or vested right to obtain an order to vacate.

¶13 Reversed.

KATO, C.J., and BROWN, J., concur.